# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, <br><br> *Plaintiff*, <br><br> v. <br><br> WILLIAM B. LEE, Governor of the State of Tennessee, *in his official capacity*; DAVID RAUSCH, Director of the Tennessee Bureau of Investigation, *in his official capacity,* <br> *Defendants*. | Case No. <br><br> **JURY DEMAND** |

### PLAINTIFF'S MEMORADUM OF LAW IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

Plaintiff is challenging the constitutionality of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004, Tenn. Code Ann. §§ 40-39-201–40-39-218 ("the Act"), under the Fourteenth Amendment, the Eighth Amendment, Ex Post Facto Clause of the United States Constitution. As a registered sex offender, Plaintiff belongs to a highly stigmatized group. Disclosing Plaintiff's identity in public court records risks subjecting Plaintiff and Plaintiff's family to significant harm.

Plaintiff therefore seeks permission to proceed in this action under a pseudonym and a protective order barring the dissemination of Plaintiff's true name and requiring that any documents containing Plaintiff's true name or other information that would identify Plaintiff directly or indirectly be redacted or filed under seal.

## Discussion

As a general matter, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). However, "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) (citations omitted).

Plaintiff may proceed under a pseudonym if the Court concludes Plaintiff's "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004). In addition, Fed. R. Civ. P. 26(c)(1) specifically authorizes the Court "for good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon Plaintiff's motion. The Court may grant a protective order under Rule 26(c)(1) for "good cause" and has "broad discretion...to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Here, Plaintiff's privacy interests outweigh the general presumption of open records. People publicly identified as sex offenders face widespread opprobrium, humiliation, and harassment. Cf. Porter, 370 F.3d at 560 (permission to proceed pseudonymously properly granted to plaintiffs in Establishment Clause case because topic "could subject them to considerable harassment"). Because of the stigma attached to registered sex offenders, courts commonly allow them to proceed under pseudonyms in litigation challenging sex offender registration laws, including this District Court. See, e.g., *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003*); Smith v. Doe*, 538 U.S. 84 (2003); *Doe v. Miami-Dade County,* No. 15-14336, —F.3d.—, 2016 WL 5334979 (11th Cir. Sept. 23, 2016) (slip opinion); Does #1–5 v. Snyder, 834 F.3d 696 (6th Cir. 2016*); Doe v. Sturdivant*, 490 F.3d 491 (6th Cir. 2007*); Does v. Munoz*, 507 F.3d 961 (6th

Cir. 2007); Doe v. Lee, 3:16-cv-02862 (M.D. Tenn*.); Does #1-3 v. Lee*, 3:19-cv-00532 (M.D. Tenn.).

Plaintiff seeks to avoid more than public humiliation. Because of the widespread public hostility toward registered sex offenders, Plaintiff fears for Plaintiff's personal safety if Plaintiff's identity is publicly disclosed as a sex offender trying to strike down Tennessee's sex offender registry law. This fear is well-founded. A 2019 study by criminologists of vigilante attacks against sex offenders identified 279 such incidents and concluded that "findings from the current study suggest that placement of [sex offenders] on publicly accessible registries puts them at risk for vigilante attacks." Michelle A. Cubellis et al., "Sex Offender Stigma: An Exploration of Vigilantism against Sex Offenders," Deviant Behavior, 40:2, 225, 237 (DOI: DOI: 10.1080/01639625.2017.1420459) (2019).

Plaintiff's fear is heightened by the fact that, if Plaintiff's name becomes known, anyone can easily determine Plaintiff's whereabouts by searching the public sex offender registry, which shows Plaintiff's photograph and detailed personal information, including Plaintiff's height, weight, eye and hair color, and where Plaintiff lives and works. The registry even provides a button to "Map Offender," which generates a map showing Plaintiff's residence. Thus, Plaintiff is not merely a target for harassment and vigilantism, Plaintiff is an easy target. Permission to proceed under a pseudonym, and a protective order prohibiting disclosure of Plaintiff's true name, is therefore necessary to safeguard not just Plaintiff's privacy, but Plaintiff's safety.

Plaintiff is also concerned that information identifying Plaintiff might be reported in the press. Plaintiff fears such publicity could make it harder for Plaintiff to obtain or maintain employment and housing in the future and expose Plaintiff and Plaintiff's family members to public embarrassment, humiliation, and harassment.

In addition to expressing concern about plaintiffs who may be subject to harassment, the Sixth Circuit has identified several factors that the Court may consider in determining whether plaintiffs may proceed anonymously, including:

(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity;

(2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy;

(3) whether the litigation compels the plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and

(4) whether the plaintiffs are children.

*Porter*, 370 F.3d at 560 (internal quotation mark omitted).

Plaintiff meets the first and second of these factors. First, Plaintiff is challenging government activity, specifically enforcement of SORA against Plaintiff. Second, much of the information disclosed in the Complaint, and much of the information likely to be disclosed during discovery and litigation, is highly personal, including information about Plaintiff's family members. As to the third factor, Plaintiff intends to comply with SORA until such time as this Court grants relief, however, disclosing Plaintiff's identity risks exposes Plaintiff to heightened scrutiny by the law enforcement authorities charged with enforcing SORA. Given the vagueness of many of SORA's provisions, increased scrutiny brings an increased risk enforcement.

A final factor relevant to the analysis is that Plaintiff seeks relief from the stigma of being on the sex offender registry. Given the permanence of the Internet, if Plaintiff is publicly identified in this litigation, that stigma will be permanent even if Plaintiff prevails and is removed from the sex offender registry. *Nelson v. Bender*,. 3:15-64, 2015 WL 8207490, at *3 (W.D. Pa. Dec. 7, 2015) ("Plaintiff's criminal record has since been expunged. Media accounts of Defendant Bender's

filing of felony criminal charges against Plaintiff will remain on the Internet forever.") (internal citation omitted).

The Sixth Circuit has also noted that courts should consider whether defendants would have sufficient information to present their defense. In *Porter*, the court approved a protective order that required disclosure of the plaintiffs' identities to the defendants but limited disclosure of the plaintiffs' personal information to the public or outside of the litigation. *Porter,* 370 F.3d at 560–561.

Here, Plaintiff seeks an order that would prohibit public disclosure of Plaintiff's personal information but permit disclosure to Defendants for purposes of defending this case. This District Court has entered such an order in similar challenges to SORA, which did not hamper these same Defendants from presenting a defense. *See Doe v. Lee*, 3:16-cv-02862 at Doc. No. 30 (M.D. Tenn.); *Does #1-3 v. Lee*, 3:19-cv-00532 at Doc. No. 12 (M.D. Tenn.).

Thus, Plaintiff's proposed protective order will not hamper Defendants' ability to present a defense in this case.

## Conclusion

Allowing Plaintiff to proceed under a pseudonym and entering a protective order protecting Plaintiff's identity against disclosure is necessary to prevent Plaintiff from being subjected to harassment, vigilantism, or other harm and will not compromise Defendants' ability to conduct their defense.

For these reasons, Plaintiff requests the Court to: (1) enter an order allowing Plaintiff to proceed in this action under the pseudonym "Jane Doe" and requiring that any documents containing Plaintiff's true name or other information that would identify Plaintiff, directly or indirectly, be redacted or filed under seal; and (2) grant any other necessary or proper relief.

Dated: September 8, 2023.

Respectfully submitted:

/s/ Davis Griffin
Davis Fordham Griffin, Esq.
TBPR #34555
MOCKINGBIRD LAW GROUP, PLLC
P.O. Box 282218
Nashville, TN 37208
davis@mockingbirdlaw.com
615-280-0899


/s/ Stella Yarbrough
Stella Yarbrough, BPR # 033637
Lucas Cameron-Vaughn, # 038451
Jeff Preptit, # 038451
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
(615) 320-7142
syarbrough@aclu-tn.org
lucas@aclu-tn.org
jpreptit@aclu-tn.org