# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **JANE DOE,** | **Case No. 3:23-cv-00965** |
| *Plaintiff,* | |
| **v.** | **JURY DEMAND** |
| **WILLIAM B. LEE, Governor of the State of Tennessee,** *in his official capacity***; DAVID RAUSCH, Director of the Tennessee Bureau of Investigation,** *in his official capacity,* | **District Judge Trauger** |
| | **Magistrate Judge Newbern** |
| *Defendants.* | |

## PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW the Plaintiff Jane Doe, by and through undersigned counsel, and files this Surreply to address Defendants' citation and reliance in their Reply – D.E. 43 – upon *Padilla v. TBI[1], Case* Number 19-0825-II in the Davidson County Chancery Court.

### Background

One of Ms. Doe's five claims for relief is for violation of procedural due process in Defendants' classification of her as a violent sex offender without due process of any kind – a determination which required her to be on the sex offender registry for life. (D.E. 32 at PAGEID#340). In their pending Motion to Dismiss, Defendants argue that Ms. Doe *did* have an "opportunity to challenge that determination" by seeking judicial review in the Chancery Court pursuant to Tenn. Code Ann. § 40-39-207(g)(1). (D.E. 36 at PAGEID#423).

---

[1] This case is, of course, not mandatory authority for this Court.

In her Response in Opposition, Ms. Doe pointed out that "Chancery review does not reach the propriety of an offender's initial classification and only addresses the request for termination." (D.E. 39 at PAGEID#456). Ms. Doe further argued that "chancery review would be futile" because "Ms. Doe is not even eligible for termination under T.C.A. § 40-39-207(g) as a lifetime registrant and even if she were only classified as a "sexual offender" she would not be eligible until 2026." (*Id.*).

In their Reply, Defendants say these observations by Ms. Doe regarding the operation of Chancery review are "incorrect." (D.E. 43 at PAGEID#471). Defendants cite *Padilla v. TBI* as evidence that "a chancery court can and will review the propriety of classification [...] [w]hen a denial of an SOR termination request is based on an offender's classification." (*Id.*) Relying on *Padillia*, Defendants argue that Ms. Doe did not suffer any actionable, procedural deprivation because she could have had her classification reviewed and chose not to do so. (*Id.*)

<u>Discussion</u>

*Padilla*[2]

*Padilla* - **Agency Review**

Defendants cite *Padilla* to show how the judicial review provided for in T.C.A. § 40-39-207(g)(1) afforded Ms. Doe adequate process which she elected not to use. In *Padilla*, however, the TBI argued that T.C.A. 40-39-207(g)(1) was *not* the appropriate vehicle for Padilla's review, which, they argued, should have been filed pursuant to the Uniform Administrative Procedures Act in T.C.A. § 4-5-322. (*See* Exhibit 1: Respondent's Brief at pp.2).

---

[2] While it is important to accurately comprehend the function of the SOR statutory framework, this discussion of judicial review drifts from the central merits of Ms. Doe's procedural due process claim. In other words, Defendants have cited no authority for the proposition that availability of judicial review cures the absence of due process in the decision being judicially reviewed.

2

Chancellor Martin disagreed for a particularly relevant reason, holding that the situation was not a "contested case" because, "The Tennessee Sexual Offender Act does not require the TBI to conduct a hearing when it declines to remove a sexual offender from the SOR." (D.E. 43-4 at PAGEID# 488). "Likewise, a review of the TBI's rules and regulations reveals no provision directing that a hearing be held when the TBI denies a registry removal request." *Id.* Relying on *State v. Allen*, 593 S.W.3d 145 (Tenn. 2020), Chancellor Martin further noted that "the [Tennessee Sexual Offender Act] does not explicitly provide any procedural means for offenders to challenge a classification or reclassification decision." (*Id.*)

### *Padilla* - Classification

Still, this judicial review does ordinarily reach classification, contrary to Defendants' assertion. The only reason Chancellor Martin was called to review Padilla's "classification" is because TBI upgraded his classification from "sex offender" to "violent sex offender" in response to his July 2018 request for termination. (*Id.* at PAGEID# 485).

### *Padilla* – Beyond the Conviction Alone

Defendants have repeatedly argued – despite denying the very same in another SOR case[3] – that because TBI draws "classifications based on the fact of conviction alone" Ms. Doe cannot show any material fact related to her classification that she was deprived of the opportunity to prove at a hearing." (D.E. 36 at PAGEID# 423; D.E. 43 at PAGEID#471).

In *Padilla*, however, Defendant argued that, "TBI is permitted to look at the facts[4] underlying Petitioner's crime." (*See* Exhibit 1: Respondent's Brief at pp. 5). In support of this contention, TBI cited two cases where the TBI "relied upon [an] affidavit[s] contained in the

---

[3] *See* Amended Complaint at ¶ 90 (D.E. 32 at PAGEID#319).

[4] TBI General Counsel Jeanne Broadwell further swore under oath that she reviewed "documentation in Mr. Padilla's file." *See* Exhibit 1: Respondent's Brief at Exhibit B.

3

record and the "indictment." (*Id.* at pp. 7). TBI further quoted from "one police report" and "another police report" various allegations against Padillia. Several of these allegations supported a kidnapping charge for which Padilla was also indicted but to which *he did not plead guilty*. (*Id.*)

### *Padilla* - Timing and Eligibility

Padilla's registration as a sex offender began sometime in 2001 based on his Oregon conviction for sexual abuse in the second degree. (D.E. 43-4 at PAGEID#484). When he requested that TBI terminate him from SOR in July 2018, he had been on the registry for nearly *twice* the 10-year threshold for eligibility for removal under T.C.A. § 40-39-207(a)(1). As Ms. Doe has already pointed out and Defendants have ignored, she would not be eligible until 2026 for this review even if she were only considered a "sex offender", which, as a "violent sex offender" and "offender against children", she is not.

### <u>Conclusion</u>

In every aspect at issue before this Court, *Padilla* supports Ms. Doe's arguments, not those of the Defendants. For at least all of these reasons, this Honorable Court should deny Defendants any relief on their Motion to Dismiss.

Respectfully submitted:

/s/ Davis Griffin
Davis Fordham Griffin, Esq.
TBPR #34555
MOCKINGBIRD LAW GROUP, PLLC
P.O. Box 282218
Nashville, TN 37208
davis@mockingbirdlaw.com
615-280-0899

4

/s/ Stella Yarbrough
Stella Yarbrough, BPR # 033637
Lucas Cameron-Vaughn, # 038451
Jeff Preptit, # 038451
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
(615) 320-7142
syarbrough@aclu-tn.org
lucas@aclu-tn.org
jpreptit@aclu-tn.org

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served via the Court's electronic filing system this _____th day of _____, _____ on the following:

LIZ EVAN (BPR# 037770)
DAVID WICKENHEISER (BPR# 040427)
Assistant Attorneys General
Law Enforcement and Special Prosecutions Division
Office of the Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
liz.evan@ag.tn.gov
David.wickenheiser@ag.tn.gov

s/ Davis F. Griffin
Davis Fordham Griffin

5

# EXHIBIT 1

## Respondent's Brief (*Padilla*)

# IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

BLAKE ALEXANDER PADILLA,     )
                                  )
     Petitioner,                 )
                                  )
V.                              )        NO. 19-0825-II
                                  )
                                  )
TENNESSEE BUREAU OF INVESTIGATION, )
                                  )
     Respondent.             )

---

## RESPONDENT'S BRIEF

---

Respondent, the Tennessee Bureau of Investigation ("TBI"), submits this Brief asking this Court to affirm the TBI's decision to classify Petitioner as a violent sexual offender and denying his request for termination from the Sexual Offender Registry.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner, Blake Alexander Padilla, was indicted in Oregon in 1999 for two counts of Rape in the First Degree, and one count of Kidnapping in the First Degree. (A.R., 103-04.[1]) One of the Rape counts and the Kidnapping count were alleged in the indictment to have occurred on February 21, 1999. (Pet'r's Pet., 2; A.R., 103.) Eight months later, Petitioner pled guilty to one count of Sexual Abuse in the Second Degree, which was a lesser-included offense of Rape in the First Degree under Oregon Law[2]. (A.R., 105-07.)

---

[1] The administrative record filed in this matter will be referenced herein as "(A.R., __.)"

[2] The entire 1999 edition of Oregon's "Offenses Against Persons" is attached as Exhibit A, and on page 20/34 is Sexual Abuse in the Second Degree.

1

In 2012 Petitioner moved from Oregon to Tennessee and registered under Tennessee's Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 ("the Act") (Pet. ¶ 6) (A.R. 70-71.)  Six years later, in July 2018, Petitioner requested removal from the Sexual Offender Registry ("SOR"). (Aff. Broadwell ¶ 7)[3];  (Pet. ¶ 7.) After reviewing its file[4] - which includes police reports, the indictment, and the judgment of conviction – the TBI denied Petitioner's request, and his status was changed from "sexual offender" to "violent sexual offender."  (Aff. Broadwell ¶ 9.)

## STANDARD OF REVIEW

The Tennessee Uniform Administrative Procedures Act ("UAPA") applies to review of TBI denials of requests for termination of registration requirements under SORA.  *Ronald Miller v. Mark Gwyn, Director of the Tennessee Bureau of Investigation*, No. E2017-00784-COA-R3-CV, 2018 WL 2332050, at *2 (Tenn. Ct. App. May 23, 2018) (no perm. app. filed); *see also Clark v. Gwyn*, No. M2018-00655-COA-R3-CV, 2019 WL 1568666, *3 (Tenn. Ct. App. Apr. 11, 2019), *petition cert. filed* (U.S. Oct. 8, 2019).  Judicial review of an administrative agency's decision under the UAPA is narrow and deferential.  *StarLink Logistics Inc. v. ACC, LLC,* 494 S.W.3d 659, 668 (Tenn. 2016).  "The [UAPA] makes clear that a reviewing court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." *Id.* at 669. Under Tenn. Code Ann. § 4-5-322, the agency's decision may be reversed or modified if the decision is shown to be:

    (1) In violation of constitutional or statutory provisions;
    (2) In excess of the statutory authority of the agency;
    (3) Made upon unlawful procedure;

---

[3] The Affidavit of Jeanne Broadwell is attached as Exhibit B, in accordance with Tenn. Code Ann. § 40-39-207(g)(1).

[4] Petitioner's TBI file has been filed in this matter as the Administrative Record.

2

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(5) Unsupported by evidence which is both substantial and material in the light of the entire record.

*Id.*

When reviewing a trial court's review of an agency's decision, this Court determines whether the trial court properly applied this standard. *Jones v. Bureau of TennCare*, 94 S.W.3d 495, 500-01 (Tenn. Ct. App. 2002). Constitutional questions, however, are questions of law, *Mansell v. Bridgestone Firestone North American Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013), and a trial court's conclusions of law are reviewed *de novo* on the record with no presumption of correctness. *Livingston v. State*, No. M2009-01900-COA-R3-CV, 2010 WL 3928634, at *2 (Tenn. Ct. App. Oct. 6, 2010), *perm. app. dismissed* (Tenn. Jan. 11, 2011).

Here, judicial review is on the record used by the TBI to deny Petitioner's request and the affidavit of Jeanne Broadwell, General Counsel for TBI. *See* Tenn. Code Ann. § 40-39-207(g).

## ARGUMENT

### I.      This Court lacks subject matter jurisdiction.

This Court should immediately dismiss this case for lack of subject matter jurisdiction. Tenn. R. Civ. Pro. 12.02(1). Any person seeking judicial review of an administrative agency's Final Order must file his or her petition within sixty (60) days of the Order's entry. Tenn. Code Ann. § 4-5-322(b)(1)(A)(iv). This time limit is jurisdictional. *See Schering-Plough Healthcare Products, Inc. v. State Bd. of Equalization,* 999 S.W.2d 773, 776 (Tenn. 1999) (quoting *Bishop v. Tenn. Dep't of Corr.,* 896 S.W.2d 557, 558 (Tenn. Ct. App. 1994). Thus, once this mandatory limitation period expires, a court lacks authority to entertain petitions for review. *Id.*; *see also Farley v. Tenn. Dep't of Safety and Homeland Security*, No. M2014-02479-COA-R3-CV, 2016 WL 1247721, at *6 (Tenn. Ct. App. March 29, 2016). Such lack of subject matter jurisdiction is

3

so fundamental as to require immediate dismissal whenever demonstrated. *Freeman v. CSX Transp., Inc.*, 359 S.W.3d 171, 176 (Tenn. Ct. App. 2010).

A final decision was made by the TBI on August 8, 2018. (A.R., 114.) Petitioner filed his petition for judicial review on July 8, 2019, nearly one year after the TBI's decision was rendered. Thus, the allotted time period elapsed well before his filing. Tenn. Code Ann. § 4-5-322(b)(1)(A)(iv). Because the time limit is jurisdictional, this Court does not have jurisdiction over this matter. *Schering-Plough*, 999 S.W.2d at 776. Respondent's raising and demonstrating this lack of subject matter jurisdiction compels dismissal of the matter. *Freeman*, 359 S.W.3d at 176.

## II. Petitioner is properly classified as a violent sexual offender, and thus he is ineligible for removal from the SOR.

The Act provides that when a sexual offender with an out-of-state conviction moves to Tennessee, it is the TBI's duty to review the conviction and determine what crime – if any – that conviction amounts to under Tennessee law. Tenn. Code Ann. § 40-39-202(1). If the conviction is analogous to a Tennessee crime that qualifies as a sexual offense, the offender must register – regardless whether he or she was required to do so in the convicting state. *Id.* An offense committed in another jurisdiction, that is not identified as a sexual offense in Tennessee, requires an analysis of the elements to determine its classification in Tennessee. *See* Tenn. Code Ann. § 40-39-207(g)(2)(B) ("If an offense in a jurisdiction other than this state is not identified as a sexual offense in this state, it shall be considered a prior conviction if the elements of the offense are the same as the elements for a sexual offense."); *see also Livingston,* 2010 WL 3928634 at *3.

Here, upon receipt of Petitioner's request for termination, Broadwell conducted the required analysis of Petitioner's offense. (Aff. Broadwell ¶ 8-9.) Broadwell concluded that the Tennessee statute most analogous to Petitioner's Oregon conviction was Rape, which is a violent

4

sexual offense under Tennessee law. (Aff. Broadwell ¶ 9.) Thus, Petitioner was required to register and comply with Tennessee law when he moved here.

Petitioner pled guilty to Sexual Abuse in the Second Degree under O.R.S. § 163.425. The elements to which Petitioner plead guilty are:

> (1) A person commits the crime of sexual abuse in the second degree when that person subjects another person to sexual intercourse, deviate sexual intercourse or, except as provided in ORS 163.412, penetration of the vagina, anus or penis with any object other than the penis or mouth of the actor and the victim does not consent thereto.
> (2) Sexual abuse in the second degree is a Class C felony.

O.R.S. § 163.425. This statute is analogous to rape under Tenn. Code Ann. § 39-13-503, which requires in pertinent part:

> (a) Rape is unlawful sexual penetration of a victim by the defendant or of the defendant by a victim accompanied by any of the following circumstances:
> …
> (2) The sexual penetration is accomplished without the consent of the victim and the defendant knows or has reason to know at the time of the penetration that the victim did not consent;

Tenn. Code Ann. § 39-13-503. (Aff. Broadwell ¶ 9.) Thus, the undisputed matching elements are that <u>sexual penetration occurred</u> [+] <u>without the victim's consent</u>. Petitioner argues that, because Tennessee's statute requires the defendant to know/have reason to know the victim did not consent, these two crimes do not correspond and the TBI should find a different statute to match with Oregon's. (Pet'r's Mem., 6.)

Not only has Petitioner failed to provide another Tennessee statute that more closely resembles Oregon's crime, but also the TBI is permitted to look at the facts underlying Petitioner's crime. *See, e.g., Miller*, 2018 WL 2332050, at * (affirming the TBI's decision to reinstate offender on the SOR after reviewing indictment and affidavits, and concluding Maryland crime equated to

a violent sexual offense in Tennessee); *see also Livingston,* 2010 WL 3928634 at *3 (TBI relied upon affidavit contained in the record).

Here, the TBI reviewed Petitioner's file, as well as the Oregon statute. (Aff. Broadwell ¶¶ 8-9.) Both sides agree that Petitioner, under Oregon's law: 1) sexually penetrated his victim; and, 2) without her consent. (Pet'r's Mem., 3.) Petitioner's argument hinges on his contention that Tennessee's extra "knowledge of consent" requirement should void the application of Rape. But in the file reviewed by TBI, there is ample evidence that Petitioner knew his victim did not consent:

- Petitioner plead guilty to Sexual Assault in the Second Degree, occurring on or about February 21, 1999. (A.R., 105.)

- Sexual Assault in the Second Degree is a lesser-included offense of Rape in the First Degree, which is what was indicted as Count 1. (A.R., 103.) That offense required Petitioner to "knowingly by means of forcible compulsion, engage in sexual intercourse with…" *Id.*

- Petitioner was also indicted (same indictment) for Kidnapping in the First Degree, *occurring on that same date.* (A.R., 103.) That offense required Petitioner "with the intent to interfere substantially with the personal liberty of…" *Id.*

- One police report contained in the Record state that on February 21, 1999, Petitioner's victim woke up to find her clothes were removed, Petitioner "was on top of her attempting to have sexual intercourse with her[,]" she "tried to kick him off and fight him, however, [Petitioner] choked…and held her arms." (A.R., 139.)

- Another police report in the Record says that the victim was "kidnapped and forcibly raped" and that "she had several bruises on her head and neck which were photographed." (A.R., 150.) This police report also states that Petitioner – two days later – "admitted to the entire crimes over the phone." (A.R., 151.) And this report reveals that the victim protested and then "started screaming and yelling as [Petitioner] threw her into his vehicle[,]" prior to her passing out. (A.R., 153.)

Consequently, the TBI's analysis of Petitioner's crime of conviction and comparison to Tennessee law properly matched Petitioner's conviction for Sexual Abuse in the Second Degree in Oregon with Tennessee's statute for rape. Petitioner was correctly classified as a violent sexual offender and his request for termination from the SOR was properly denied.

6

### III.  Petitioner is not entitled to the requested relief.

In addition to Petitioner's request for termination from the registry, Petitioner asks this Court to declare that Respondent acted in bad faith in his reclassification and to expunge the designation of "violent sexual offender" from the SOR.

Bad faith is defined as "dishonesty of belief, purpose, or motive." *Bad faith,* Black's Law Dictionary (10th ed. 2014). Petitioner has not shown any support for this request for relief.  In contrast, Respondent, through the Affidavit of Jeanne Broadwell has shown that the Respondent engaged in the proper comparison of Petitioner's conviction with the analogous Tennessee law. Because Respondent acted in accordance with the law[5] in evaluating Mr. Padilla's request for termination from the SOR, there was no bad faith on behalf of the Respondent.

Petitioner's additional request that the term "violent sexual offender" be expunged from Petitioner's record on the SOR is simply another way of asking the court to overturn Respondent's reclassification and subsequent denial of termination from the SOR.  Petitioner's expansive request is outside the scope of judicial review, and, TBI likely cannot expunge this term everywhere that it appears.[6]  And, as fleshed out above, Petitioner's conviction for Sexual Abuse in the Second Degree is analogous to Rape in Tennessee, a violent sexual offense.  Petitioner is not entitled to expungement of the term "violent" from his classification nor is he entitled from removal or expungement from the SOR.

---

[5] Tenn. Code Ann. § 40-33-207(g)(2)(B): "If an offense in a jurisdiction other than this state is not identified as a sexual offense in this state, it shall be considered a prior conviction if the elements of the offense are the same as the elements for a sexual offense."

[6] For example, a separate agency – such as the Board of Parole – might have documentation regarding Petitioner's classification.

7

**CONCLUSION**

Because the TBI acted within its statutory authority in assessing Petitioner's conviction, and its result not arbitrary and capricious, the TBI's decision should be affirmed.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

s/ Rob Mitchell
ROB MITCHELL (#032266)
Assistant Attorney General
Law Enforcement and
Special Prosecutions Division
P.O. Box 20207
Nashville, TN 37202-0207
Phone: (615) 532-6023
robert.mitchell@ag.tn.gov
*Attorney for Respondent*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Brief was served via U.S. Mail and electronic mail on this the 28th day of October, 2019 to:

Daniel Turklay, Esq. (#034600)
Turklay Law Office, PLLC
2517 Lebanon Pike #306
Nashville, TN 37214
Phone: (615) 838-5903
daniel@turklaylawoffice.com

s/ Rob Mitchell
Rob Mitchell

8

Chapter 163

1999 EDITION

Offenses Against Persons

HOMICIDE

163.005    Criminal homicide

163.095    "Aggravated murder" defined

163.103    Pleading, proof and stipulation regarding previous conviction element in aggravated murder case

163.105    Sentencing options for aggravated murder

163.115    Murder; affirmative defense to certain felony murders; sentence of life imprisonment required; minimum term

163.117    Aiding commission of suicide not murder

163.118    Manslaughter in the first degree

163.125    Manslaughter in the second degree

163.135    Extreme emotional disturbance as affirmative defense to murder; notice of expert testimony; right of state to psychiatric examination

163.145    Criminally negligent homicide

163.150    Sentencing for aggravated murder; proceedings; issues for jury

ASSAULT AND RELATED OFFENSES

163.160    Assault in the fourth degree

163.165    Assault in the third degree

163.175    Assault in the second degree

163.185    Assault in the first degree

163.190    Menacing

163.195    Recklessly endangering another person

163.197    Hazing

163.200    Criminal mistreatment in the second degree

163.205    Criminal mistreatment in the first degree

163.206    Application of ORS 163.200 and 163.205

1

163.207    Female genital mutilation

163.208    Assaulting a public safety officer

163.211    Definitions for ORS 163.211 to 163.213

163.212    Unlawful use of an electrical stun gun, tear gas or mace in the second degree

163.213    Unlawful use of an electrical stun gun, tear gas or mace in the first degree

KIDNAPPING AND RELATED OFFENSES

163.215    Definitions for ORS 163.215 to 163.257

163.225    Kidnapping in the second degree

163.235    Kidnapping in the first degree

163.245    Custodial interference in the second degree

163.257    Custodial interference in the first degree

COERCION

163.275    Coercion

163.285    Defense to coercion

SEXUAL OFFENSES

163.305    Definitions

163.315    Incapacity to consent; effect of lack of resistance

163.325    Ignorance or mistake as a defense

163.345    Age as a defense in certain cases

163.355    Rape in the third degree

163.365    Rape in the second degree

163.375    Rape in the first degree

163.385    Sodomy in the third degree

163.395    Sodomy in the second degree

163.405    Sodomy in the first degree

163.408    Unlawful sexual penetration in the second degree

163.411    Unlawful sexual penetration in the first degree

163.412   Exceptions to unlawful sexual penetration prohibition

163.415   Sexual abuse in the third degree

163.425   Sexual abuse in the second degree

163.427   Sexual abuse in the first degree

163.435   Contributing to the sexual delinquency of a minor

163.445   Sexual misconduct

163.465   Public indecency

163.467   Private indecency

OFFENSES AGAINST FAMILY

163.505   Definitions for certain provisions of ORS 163.505 to 163.575

163.515   Bigamy

163.525   Incest

163.535   Abandonment of a child

163.537   Buying or selling a person under 18 years of age

163.545   Child neglect in the second degree

163.547   Child neglect in the first degree

163.555   Criminal nonsupport

163.565   Evidence of paternity; confidentiality between husband and wife not applicable; spouses competent and compellable witnesses

163.575   Endangering the welfare of a minor

163.577   Failing to supervise a child

163.580   Posting of signs concerning sale of smoking devices

VISUAL RECORDING OF SEXUAL CONDUCT BY CHILDREN

163.665   Definitions for ORS 163.670 to 163.695

163.670   Using child in display of sexually explicit conduct

163.676   Exemption from prosecution under ORS 163.684

163.682   Exceptions to ORS 163.665 to 163.695

163.684    Encouraging child sexual abuse in the first degree

163.686    Encouraging child sexual abuse in the second degree

163.687    Encouraging child sexual abuse in the third degree

163.688    Possession of materials depicting sexually explicit conduct of a child in the first degree

163.689    Possession of materials depicting sexually explicit conduct of a child in the second degree

163.690    Lack of knowledge of age of child as affirmative defense

163.693    Failure to report child pornography

163.695    Forfeiture of materials and conveyances

INVASION OF PRIVACY

163.700    Invasion of personal privacy

163.702    Exceptions to ORS 163.700

MISCELLANEOUS

163.705    Polygraph examination of victims in certain criminal cases prohibited

163.707    Forfeiture of motor vehicle used in drive-by shooting

163.709    Unlawful directing of light from a laser pointer

STALKING

163.730    Definitions for ORS 30.866 and 163.730 to 163.750

163.732    Stalking

163.735    Citation; form

163.738    Effect of citation; contents; hearing; court's stalking protective order

163.741    Service of order; entry of order into law enforcement data systems

163.744    Initiation of action to obtain a citation; complaint form

163.750    Violating court's stalking protective order

163.753    Immunity of officer acting in good faith

163.755    Conduct protected by labor laws

CROSS-REFERENCES

Classification of offenses, 161.505 to 161.585

Criminal Code, definitions, 161.015, 161.085

Minimum period of probation for certain offenses, 137.012

Reports of suspected criminal homicides, 181.580

Sentencing, age and physical disability as factors to be considered, 137.085

Tobacco use by minors, random inspection of sellers, 431.853

163.005 to 163.150

Deaths to be reported to medical examiner, 146.100

163.105

Aggravated murder, death penalty, Const. Art. I, s.40

163.150

Aggravated murder, death penalty, stay of sentence, 138.686

163.305 to 163.467

Payment of costs for medical examination requested by law enforcement agency, 147.375

163.730 to 163.750

Civil action for issuance or violation of stalking protective order, 30.866

163.732

Court order or civil action, 30.866

HOMICIDE

**163.005 Criminal homicide.** (1) A person commits criminal homicide if, without justification or excuse, the person intentionally, knowingly, recklessly or with criminal negligence causes the death of another human being.
(2) "Criminal homicide" is murder, manslaughter or criminally negligent homicide.
(3) "Human being" means a person who has been born and was alive at the time of the criminal act. [1971 c.743 s.87]

**163.010** [Amended by 1963 c.625 s.4; repealed by 1971 c.743 s.432]

**163.020** [Amended by 1963 c.625; s.5; repealed by 1971 c.743 s.432]

**163.030** [Repealed by 1963 c.431 s.1]

**163.040** [Repealed by 1971 c.743 s.432]

**163.050** [Repealed by 1971 c.743 s.432]

**163.060** [Repealed by 1969 c.684 s.17]

**163.070** [Repealed by 1971 c.743 s.432]

**163.080** [Repealed by 1971 c.743 s.432]

**163.090** [Amended by 1953 c.676 s.2; repealed by 1957 c.396 s.1 (163.091 enacted in lieu of 163.090)]

**163.091** [1957 c.396 s.2 (enacted in lieu of 163.090); repealed by 1971 c.743 s.432]

**163.095 "Aggravated murder" defined.** As used in ORS 163.105 and this section, "aggravated murder" means murder as defined in ORS 163.115 which is committed under, or accompanied by, any of the following circumstances:

(1)(a) The defendant committed the murder pursuant to an agreement that the defendant receive money or other thing of value for committing the murder.

(b) The defendant solicited another to commit the murder and paid or agreed to pay the person money or other thing of value for committing the murder.

(c) The defendant committed murder after having been convicted previously in any jurisdiction of any homicide, the elements of which constitute the crime of murder as defined in ORS 163.115 or manslaughter in the first degree as defined in ORS 163.118.

(d) There was more than one murder victim in the same criminal episode as defined in ORS 131.505.

(e) The homicide occurred in the course of or as a result of intentional maiming or torture of the victim.

(f) The victim of the intentional homicide was a person under the age of 14 years.

(2)(a) The victim was one of the following and the murder was related to the performance of the victim's official duties in the justice system:

(A) A police officer as defined in ORS 181.610;

(B) A correctional, parole or probation officer or other person charged with the duty of custody, control or supervision of convicted persons;

(C) A member of the Oregon State Police;

(D) A judicial officer as defined in ORS 1.210;

(E) A juror or witness in a criminal proceeding;

(F) An employee or officer of a court of justice; or

(G) A member of the State Board of Parole and Post-Prison Supervision.

(b) The defendant was confined in a state, county or municipal penal or correctional facility or was otherwise in custody when the murder occurred.

(c) The defendant committed murder by means of an explosive as defined in ORS 164.055.

(d) Notwithstanding ORS 163.115 (1)(b), the defendant personally and intentionally committed the homicide under the circumstances set forth in ORS 163.115 (1)(b).

(e) The murder was committed in an effort to conceal the commission of a crime, or to conceal the identity of the perpetrator of a crime.

(f) The murder was committed after the defendant had escaped from a state, county or municipal penal or correctional facility and before the defendant had been returned to the custody of the facility. [1977 c.370 s.1; 1981 c.873 s.1; 1991 c.742 s.13; 1991 c.837 s.12; 1993 c.185 s.20; 1993 c.623 s.2; 1997 c.850 s.1]

**163.100** [Amended by 1967 c.372 s.12; repealed by 1971 c.743 s.432]

**163.103 Pleading, proof and stipulation regarding previous conviction element in aggravated murder case.** (1) In a prosecution for aggravated murder under ORS 163.095 (1)(c), the state shall plead the previous conviction, and shall prove the previous conviction unless the defendant stipulates to that fact prior to trial. If the defendant so stipulates and the trial is by jury:

(a) The court shall accept the stipulation regardless of whether or not the state agrees to it;

(b) The defendant's stipulation to the previous conviction constitutes a judicial admission to that element of the accusatory instrument. The stipulation shall be made a part of the record of the case, but shall not be offered or received in the presence of the jury;

(c) For the purpose of establishing the prior conviction solely as an element of the crime under ORS 163.095 (1)(c), neither the court nor the state shall reveal to the jury the previous conviction, but the previous conviction is established in the record by the defendant's stipulation; and

6

(d) The court shall not submit the accusatory instrument or evidence of the previous conviction to the jury.

(2) In a proceeding under ORS 163.095 (1)(c), the state may offer, and the court may receive and submit to the jury, evidence of the previous conviction for impeachment of the defendant or another purpose, other than establishing the conviction as an element of the offense, when the evidence of the previous conviction is otherwise admissible for that purpose. When evidence of the previous conviction has been admitted by the court, the state may comment upon, and the court may give instructions about, the evidence of the previous conviction only to the extent that the comments or instructions relate to the purpose for which the evidence was admitted.

(3) When the defendant stipulates to the prior conviction required as an element of aggravated murder under ORS 163.095 (1)(c), if the jury finds the defendant guilty upon instruction regarding the balance of the elements of the crime, the court shall enter a judgment of guilty of aggravated murder. [1981 c.873 s.3]

**163.105 Sentencing options for aggravated murder.** Notwithstanding the provisions of ORS chapter 144 and ORS 421.450 to 421.490:

(1)(a) Except as otherwise provided in ORS 137.700, when a defendant is convicted of aggravated murder as defined by ORS 163.095, the defendant shall be sentenced, pursuant to ORS 163.150, to death, life imprisonment without the possibility of release or parole or life imprisonment.

(b) A person sentenced to life imprisonment without the possibility of release or parole under this section shall not have that sentence suspended, deferred or commuted by any judicial officer, and the State Board of Parole and Post-Prison Supervision may not parole the prisoner nor reduce the period of confinement in any manner whatsoever. The Department of Corrections or any executive official may not permit the prisoner to participate in any sort of release or furlough program.

(c) If sentenced to life imprisonment, the court shall order that the defendant shall be confined for a minimum of 30 years without possibility of parole, release to post-prison supervision, release on work release or any form of temporary leave or employment at a forest or work camp.

(2) At any time after completion of a minimum period of confinement pursuant to subsection (1)(c) of this section, the State Board of Parole and Post-Prison Supervision, upon the petition of a prisoner so confined, shall hold a hearing to determine if the prisoner is likely to be rehabilitated within a reasonable period of time. The sole issue shall be whether or not the prisoner is likely to be rehabilitated within a reasonable period of time. The proceeding shall be conducted in the manner prescribed for a contested case hearing under ORS 183.310 to 183.550 except that:

(a) The prisoner shall have the burden of proving by a preponderance of the evidence the likelihood of rehabilitation within a reasonable period of time; and

(b) The prisoner shall have the right, if the prisoner is without sufficient funds to employ an attorney, to be represented by legal counsel, appointed by the board, at board expense.

(3) If, upon hearing all of the evidence, the board, upon a unanimous vote of all of its members, finds that the prisoner is capable of rehabilitation and that the terms of the prisoner's confinement should be changed to life imprisonment with the possibility of parole, release to post-prison supervision or work release, it shall enter an order to that effect and the order shall convert the terms of the prisoner's confinement to life imprisonment with the possibility of parole, release to post-prison supervision or work release and may set a release date. Otherwise the board shall deny the relief sought in the petition.

(4) Not less than two years after the denial of the relief sought in a petition under this section, the prisoner may petition again for a change in the terms of confinement. Further petitions for a change may be filed at intervals of not less than two years thereafter. [1977 c.370 s.2; 1981 c.873 s.4; 1985 c.3 s.1; 1987 c.158 s.23; 1987 c.803 s.20; 1989 c.720 s.1; 1991 c.126 s.8; 1995 c.421 s.2; 1999 c.59 s.31; 1999 c.782 s.5]

**163.110** [Repealed by 1971 c.743 s.432]

**163.115 Murder; affirmative defense to certain felony murders; sentence of life imprisonment required; minimum term.** (1) Except as provided in ORS 163.118 and 163.125, criminal homicide constitutes murder:

(a) When it is committed intentionally, except that it is an affirmative defense that, at the time of the homicide, the defendant was under the influence of an extreme emotional disturbance;

(b) When it is committed by a person, acting either alone or with one or more persons, who commits or attempts to commit any of the following crimes and in the course of and in furtherance of the crime the person is committing or attempting to commit, or during the immediate flight therefrom, the person, or another participant if there be any, causes the death of a person other than one of the participants:

(A) Arson in the first degree as defined in ORS 164.325;

(B) Criminal mischief in the first degree by means of an explosive as defined in ORS 164.365;

(C) Burglary in the first degree as defined in ORS 164.225;

(D) Escape in the first degree as defined in ORS 162.165;

(E) Kidnapping in the second degree as defined in ORS 163.225;

(F) Kidnapping in the first degree as defined in ORS 163.235;

(G) Robbery in the first degree as defined in ORS 164.415;

(H) Any felony sexual offense in the first degree defined in this chapter;

(I) Compelling prostitution as defined in ORS 167.017; or

(J) Assault in the first degree, as defined in ORS 163.185, and the victim is under 14 years of age, or assault in the second degree, as defined in ORS 163.175 (1)(a) or (b), and the victim is under 14 years of age; or

(c) By abuse when a person, recklessly under circumstances manifesting extreme indifference to the value of human life, causes the death of a child under 14 years of age or a dependent person, as defined in ORS 163.205, and:

(A) The person has previously engaged in a pattern or practice of assault or torture of the victim or another child under 14 years of age or a dependent person; or

(B) The person causes the death by neglect or maltreatment.

(2) An accusatory instrument alleging murder by abuse under subsection (1)(c) of this section need not allege specific incidents of assault or torture.

(3) It is an affirmative defense to a charge of violating subsection (1)(b) of this section that the defendant:

(a) Was not the only participant in the underlying crime;

(b) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid in the commission thereof;

(c) Was not armed with a dangerous or deadly weapon;

(d) Had no reasonable ground to believe that any other participant was armed with a dangerous or deadly weapon; and

(e) Had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death.

(4) It is an affirmative defense to a charge of violating subsection (1)(c)(B) of this section that the child or dependent person was under care or treatment solely by spiritual means pursuant to the religious beliefs or practices of the child or person or the parent or guardian of the child or person.

(5)(a) A person convicted of murder, who was at least 15 years of age at the time of committing the murder, shall be punished by imprisonment for life.

(b) When a defendant is convicted of murder under this section, the court shall order that the defendant shall be confined for a minimum of 25 years without possibility of parole, release to post-prison supervision, release on work release or any form of temporary leave or employment at a forest or work camp.

(c) At any time after completion of a minimum period of confinement pursuant to paragraph (b) of this subsection, the State Board of Parole and Post-Prison Supervision, upon the petition of a prisoner so confined, shall hold a hearing to determine if the prisoner is likely to be rehabilitated within a reasonable period of time. The sole issue shall be whether or not the prisoner is likely to be rehabilitated within a reasonable period of time. The proceeding shall be conducted in the manner prescribed for a contested case hearing under ORS 183.310 to 183.550 except that:

(A) The prisoner shall have the burden of proving by a preponderance of the evidence the likelihood of rehabilitation within a reasonable period of time; and

(B) The prisoner shall have the right, if the prisoner is without sufficient funds to employ an attorney, to be represented by legal counsel, appointed by the board, at board expense.

(d) If, upon hearing all of the evidence, the board, upon a unanimous vote of all of its members, finds that the prisoner is capable of rehabilitation and that the terms of the prisoner's confinement should be changed to life imprisonment with the possibility of parole, release to post-prison supervision or work release, it shall enter an order to that effect and the order shall convert the terms of the prisoner's confinement to life imprisonment with the possibility of parole, release to post-prison supervision or work release and may set a release date. Otherwise, the board shall deny the relief sought in the petition.

(e) Not less than two years after the denial of the relief sought in a petition under paragraph (c) of this subsection, the prisoner may petition again for a change in the terms of confinement. Further petitions for a change may be filed at intervals of not less than two years thereafter.

(6) As used in this section:

8

(a) "Assault" means to intentionally, knowingly or recklessly cause physical injury to another person. "Assault" does not include the causing of physical injury in a motor vehicle accident that occurs by reason of the reckless conduct of a defendant.

(b) "Neglect or maltreatment" means a violation of ORS 163.535, 163.545 or 163.547 or a failure to provide adequate food, clothing, shelter or medical care that is likely to endanger the health or welfare of a child under 14 years of age or a dependent person. This paragraph is not intended to replace or affect the duty or standard of care required under ORS chapter 677.

(c) "Pattern or practice" means one or more previous episodes.

(d) "Torture" means to intentionally inflict intense physical pain upon an unwilling victim as a separate objective apart from any other purpose. [1971 c.743 s.88; 1975 c.577 s.1; 1979 c.2 s.1; 1981 c.873 s.5; 1985 c.763 s.1; 1989 c.985 s.1; 1993 c.664 s.1; 1995 c.421 s.3; 1995 c.657 s.1; 1997 c.850 s.2; 1999 c.782 s.4]

**163.116** [1979 c.2 s.3; repealed by 1981 c.873 s.9]

**163.117 Aiding commission of suicide not murder.** It is a defense to a charge of murder that the defendant's conduct consisted of causing or aiding, without the use of duress or deception, another person to commit suicide. Nothing contained in this section shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter or any other crime. [1981 c.873 s.8]

**163.118 Manslaughter in the first degree.** (1) Criminal homicide constitutes manslaughter in the first degree when:

(a) It is committed recklessly under circumstances manifesting extreme indifference to the value of human life;

(b) It is committed intentionally by a defendant under the influence of extreme emotional disturbance as provided in ORS 163.135, which constitutes a mitigating circumstance reducing the homicide that would otherwise be murder to manslaughter in the first degree and need not be proved in any prosecution; or

(c) A person recklessly causes the death of a child under 14 years of age or a dependent person, as defined in ORS 163.205, and:

(A) The person has previously engaged in a pattern or practice of assault or torture of the victim or another child under 14 years of age or a dependent person; or

(B) The person causes the death by neglect or maltreatment, as defined in ORS 163.115.

(2) Manslaughter in the first degree is a Class A felony.

(3) It is an affirmative defense to a charge of violating subsection (1)(c)(B) of this section that the child or dependent person was under care or treatment solely by spiritual means pursuant to the religious beliefs or practices of the child or person or the parent or guardian of the child or person. [1975 c.577 s.2; 1981 c.873 s.6; 1997 c.850 s.3]

**Note:** 163.118 was enacted into law by the Legislative Assembly but was not added to or made a part of the Oregon Criminal Code of 1971 by legislative action. See Preface to Oregon Revised Statutes for further explanation.

**163.120** [Repealed by 1971 c.743 s.432]

**163.125 Manslaughter in the second degree.** (1) Criminal homicide constitutes manslaughter in the second degree when:

(a) It is committed recklessly;

(b) A person intentionally causes or aids another person to commit suicide; or

(c) A person, with criminal negligence, causes the death of a child under 14 years of age or a dependent person, as defined in ORS 163.205, and:

(A) The person has previously engaged in a pattern or practice of assault or torture of the victim or another child under 14 years of age or a dependent person; or

(B) The person causes the death by neglect or maltreatment, as defined in ORS 163.115.

(2) Manslaughter in the second degree is a Class B felony. [1971 c.743 s.89; 1975 c.577 s.3; 1997 c.850 s.4; 1999 c.954 s.1]

**163.130** [Repealed by 1971 c.743 s.432]

9

**163.135 Extreme emotional disturbance as affirmative defense to murder; notice of expert testimony; right of state to psychiatric examination.** (1) It is an affirmative defense to murder for purposes of ORS 163.115 (1)(a) that the homicide was committed under the influence of extreme emotional disturbance when such disturbance is not the result of the person's own intentional, knowing, reckless or criminally negligent act, and for which disturbance there is a reasonable explanation. The reasonableness of the explanation for the disturbance shall be determined from the standpoint of an ordinary person in the actor's situation under the circumstances as the actor reasonably believes them to be. Extreme emotional disturbance does not constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime.

(2) The defendant shall not introduce in the defendant's case in chief expert testimony regarding extreme mental or emotional disturbance under this section unless the defendant gives notice of the defendant's intent to do so.

(3) The notice required shall be in writing and shall be filed at the time the defendant pleads not guilty. The defendant may file such notice at any time after the defendant pleads but before trial when just cause for failure to file the notice at the time of the defendant's plea is made to appear to the satisfaction of the court.

(4) If the defendant fails to file notice the defendant shall not be entitled to introduce evidence for the purpose of proving extreme mental or emotional disturbance under ORS 163.115 unless the court, in its discretion, permits such evidence to be introduced where just cause for failure to file notice is made to appear.

(5) After the defendant files notice as provided in this section, the state shall have the right to have at least one psychiatrist of its selection examine the defendant in the same manner and subject to the same provisions as provided in ORS 161.315. [1971 c.743 s.90; 1977 c.235 s.1; 1981 c.873 s.7]

**163.140** [Repealed by 1971 c.743 s.432]

**163.145 Criminally negligent homicide.** (1) A person commits the crime of criminally negligent homicide when, with criminal negligence, the person causes the death of another person.

(2) Criminally negligent homicide is a Class C felony. [1971 c.743 s.91]

**163.150 Sentencing for aggravated murder; proceedings; issues for jury.** (1)(a) Upon a finding that the defendant is guilty of aggravated murder, the court, except as otherwise provided in subsection (3) of this section, shall conduct a separate sentencing proceeding to determine whether the defendant shall be sentenced to life imprisonment, as described in ORS 163.105 (1)(c), life imprisonment without the possibility of release or parole, as described in ORS 163.105 (1)(b), or death. The proceeding shall be conducted in the trial court before the trial jury as soon as practicable. If a juror for any reason is unable to perform the function of a juror, the juror shall be dismissed from the sentencing proceeding. The court shall cause to be drawn the name of one of the alternate jurors, who shall then become a member of the jury for the sentencing proceeding notwithstanding the fact that the alternate juror did not deliberate on the issue of guilt. The substitution of an alternate juror shall be allowed only if the jury has not begun to deliberate on the issue of the sentence. If the defendant has pleaded guilty, the sentencing proceeding shall be conducted before a jury impaneled for that purpose. In the proceeding, evidence may be presented as to any matter that the court deems relevant to sentence including, but not limited to, victim impact evidence relating to the personal characteristics of the victim or the impact of the crime on the victim's family and any aggravating or mitigating evidence relevant to the issue in paragraph (b)(D) of this subsection; however, neither the state nor the defendant shall be allowed to introduce repetitive evidence that has previously been offered and received during the trial on the issue of guilt. The court shall instruct the jury that all evidence previously offered and received may be considered for purposes of the sentencing hearing. This subsection shall not be construed to authorize the introduction of any evidence secured in violation of the Constitution of the United States or of the State of Oregon. The state and the defendant or the counsel of the defendant shall be permitted to present arguments for or against a sentence of death and for or against a sentence of life imprisonment with or without the possibility of release or parole.

(b) Upon the conclusion of the presentation of the evidence, the court shall submit the following issues to the jury:

(A) Whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that death of the deceased or another would result;

(B) Whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society;

(C) If raised by the evidence, whether the conduct of the defendant in killing the deceased was unreasonable in response to the provocation, if any, by the deceased; and

(D) Whether the defendant should receive a death sentence.

(c)(A) The court shall instruct the jury to consider, in determining the issues in paragraph (b) of this subsection, any mitigating circumstances offered in evidence, including but not limited to the defendant's age, the extent and severity of the defendant's prior criminal conduct and the extent of the mental and emotional pressure under which the defendant was acting at the time the offense was committed.

(B) The court shall instruct the jury to answer the question in paragraph (b)(D) of this subsection "no" if, after considering any aggravating evidence and any mitigating evidence concerning any aspect of the defendant's character or background, or any circumstances of the offense and any victim impact evidence as described in subsection (1)(a) of this section, one or more of the jurors believe that the defendant should not receive a death sentence.

(d) The state must prove each issue submitted under paragraph (b)(A) to (C) of this subsection beyond a reasonable doubt, and the jury shall return a special verdict of "yes" or "no" on each issue considered.

(e) The court shall charge the jury that it may not answer any issue "yes," under paragraph (b) of this subsection unless it agrees unanimously.

(f) If the jury returns an affirmative finding on each issue considered under paragraph (b) of this subsection, the trial judge shall sentence the defendant to death.

(2)(a) Upon the conclusion of the presentation of the evidence, the court shall also instruct the jury that if it reaches a negative finding on any issue under subsection (1)(b) of this section, the trial court shall sentence the defendant to life imprisonment without the possibility of release or parole, as described in ORS 163.105 (1)(b), unless 10 or more members of the jury further find that there are sufficient mitigating circumstances to warrant life imprisonment, in which case the trial court shall sentence the defendant to life imprisonment as described in ORS 163.105 (1)(c).

(b) If the jury returns a negative finding on any issue under subsection (1)(b) of this section and further finds that there are sufficient mitigating circumstances to warrant life imprisonment, the trial court shall sentence the defendant to life imprisonment in the custody of the Department of Corrections as provided in ORS 163.105 (1)(c).

(3)(a) When the defendant is found guilty of aggravated murder, and the state advises the court on the record that the state declines to present evidence for purposes of sentencing the defendant to death, the court:

(A) Shall not conduct a sentencing proceeding as described in subsection (1) of this section, and a sentence of death shall not be ordered.

(B) Shall conduct a sentencing proceeding to determine whether the defendant shall be sentenced to life imprisonment without the possibility of release or parole as described in ORS 163.105 (1)(b) or life imprisonment as described in ORS 163.105 (1)(c). If the defendant waives all rights to a jury sentencing proceeding, the court shall conduct the sentencing proceeding as the trier of fact. The procedure for the sentencing proceeding, whether before a court or a jury, shall follow the procedure of subsection (1)(a) and subsection (2) of this section, as modified by this subsection which prohibits a sentence of death when the state declines to present evidence.

(b) Nothing in this subsection shall preclude the court from sentencing the defendant to life imprisonment, as described in ORS 163.105 (1)(c), or life imprisonment without the possibility of release or parole, as described in ORS 163.105 (1)(b), pursuant to a stipulation of sentence or stipulation of sentencing facts agreed to and offered by both parties if the defendant waives all rights to a jury sentencing proceeding.

(4) If any part of subsection (2) of this section is held invalid and as a result thereof a defendant who has been sentenced to life imprisonment without possibility of release or parole will instead be sentenced to life imprisonment in the custody of the Department of Corrections as provided in ORS 163.105 (2), the defendant shall be confined for a minimum of 30 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp. Subsection (2) of this section shall apply only to trials commencing on or after July 19, 1989.

(5) Notwithstanding subsection (1)(a) of this section, if the trial court grants a mistrial during the sentencing proceeding, the trial court, at the election of the state, shall either:

(a) Sentence the defendant to imprisonment for life in the custody of the Department of Corrections as provided in ORS 163.105 (1)(c); or

(b) Impanel a new sentencing jury for the purpose of conducting a new sentencing proceeding to determine if the defendant should be sentenced to:

(A) Death;

(B) Imprisonment for life without the possibility of release or parole as provided in ORS 163.105 (1)(b); or

(C) Imprisonment for life in the custody of the Department of Corrections as provided in ORS 163.105 (1)(c).

[1985 c.3 s.3; 1987 c.320 s.86; 1987 c.557 s.1; 1989 c.720 s.2; 1989 c.790 s.135b; 1991 c.725 s.2; 1991 c.885 s.2; 1995 c.531 s.2; 1995 c.657 s.23; 1997 c.784 s.1; 1999 c.1055 s.1]

**163.160 Assault in the fourth degree.** (1) A person commits the crime of assault in the fourth degree if the person:

(a) Intentionally, knowingly or recklessly causes physical injury to another; or

(b) With criminal negligence causes physical injury to another by means of a deadly weapon.

(2) Assault in the fourth degree is a Class A misdemeanor.

(3) Notwithstanding subsection (2) of this section, assault in the fourth degree is a Class C felony if the person commits the crime of assault in the fourth degree and:

(a) The person has previously been convicted of assaulting the same victim;

(b) The person has previously been convicted at least three times under this section or under equivalent laws of another jurisdiction and all of the assaults involved domestic violence, as defined in ORS 135.230; or

(c) The assault is committed in the immediate presence of, or is witnessed by, the person's or the victim's minor child or stepchild or a minor child residing within the household of the person or victim.

(4) For the purposes of subsection (3) of this section, an assault is witnessed if the assault is seen or directly perceived in any other manner by the child. [1977 c.297 s.5; 1997 c.694 s.1; 1999 c.1073 s.1]

**163.165 Assault in the third degree.** (1) A person commits the crime of assault in the third degree if the person:

(a) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon;

(b) Recklessly causes serious physical injury to another under circumstances manifesting extreme indifference to the value of human life;

(c) Recklessly causes physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life;

(d) Intentionally, knowingly or recklessly causes, by means other than a motor vehicle, physical injury to the operator of a public transit vehicle while the operator is in control of or operating the vehicle. As used in this paragraph, "public transit vehicle" means a vehicle that is operated by or under contract to any public body, as defined in ORS 166.115, in order to provide public transportation;

(e) While being aided by another person actually present, intentionally or knowingly causes physical injury to another;

(f) While committed to a youth correction facility, intentionally or knowingly causes physical injury to another knowing the other person is a staff member of a youth correction facility while the other person is acting in the course of official duty;

(g) Intentionally, knowingly or recklessly causes physical injury to an emergency medical technician or paramedic, as those terms are defined in ORS 682.025, while the technician or paramedic is performing official duties;

(h) Being at least 18 years of age, intentionally or knowingly causes physical injury to a child 10 years of age or younger; or

(i) Knowing the other person is a staff member, intentionally or knowingly propels any dangerous substance at the staff member while the staff member is acting in the course of official duty or as a result of the staff member's official duties.

(2) Assault in the third degree is a Class C felony. When a person is convicted of violating subsection (1)(i) of this section, in addition to any other sentence it may impose, the court shall impose a term of incarceration in a state correction facility.

(3) As used in this section:

(a) "Dangerous substance" includes, but is not limited to, blood, urine, saliva, semen and feces.

(b) "Staff member" means:

(A) A corrections officer as defined in ORS 181.610, a youth corrections officer, a Department of Corrections or Oregon Youth Authority staff member or a person employed pursuant to a contract with the department or youth authority to work with, or in the vicinity of, inmates or youth offenders; and

(B) A volunteer authorized by the department, youth authority or other entity in charge of a corrections facility to work with, or in the vicinity of, inmates or youth offenders.

(c) "Youth correction facility" has the meaning given that term in ORS 162.135. [1971 c.743 s.92; 1977 c.297 s.3; 1991 c.475 s.1; 1991 c.564 s.1; 1995 c.738 s.1; 1997 c.249 s.49; 1999 c.1011 s.1]

**163.175 Assault in the second degree.** (1) A person commits the crime of assault in the second degree if the

person:

(a) Intentionally or knowingly causes serious physical injury to another; or

(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; or

(c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life.

(2) Assault in the second degree is a Class B felony. [1971 c.743 s.93; 1975 c.626 s.1; 1977 c.297 s.2]

**163.185 Assault in the first degree.** (1) A person commits the crime of assault in the first degree if the person intentionally causes serious physical injury to another by means of a deadly or dangerous weapon.

(2) Assault in the first degree is a Class A felony. [1971 c.743 s.94; 1975 c.626 s.2; 1977 c.297 s.1]

**163.190 Menacing.** (1) A person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury.

(2) Menacing is a Class A misdemeanor. [1971 c.743 s.95]

**163.195 Recklessly endangering another person.** (1) A person commits the crime of recklessly endangering another person if the person recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.

(2) Recklessly endangering another person is a Class A misdemeanor. [1971 c.743 s.96]

**163.197 Hazing.** (1) No fraternity, sorority or other student organization organized or operating on a college or university campus for purposes of participating in student activities of the college or university, nor any member of such an organization, shall intentionally haze any member, potential member or person pledged to be a member of the organization, as a condition or precondition of attaining membership in the organization or of attaining any office or status therein.

(2) As used in this section, "haze" means to subject a person to bodily danger or physical harm or a likelihood of bodily danger or physical harm, or to require, encourage, authorize or permit that the person be subjected to any of the following:

(a) Calisthenics;

(b) Total or substantial nudity on the part of the person;

(c) Compelled ingestion of any substance by the person;

(d) Wearing or carrying of any obscene or physically burdensome article by the person;

(e) Physical assaults upon or offensive physical contact with the person;

(f) Participation by the person in boxing matches or other physical contests;

(g) Transportation and abandonment of the person;

(h) Confinement of the person to unreasonably small, unventilated, insanitary or unlighted areas;

(i) Assignment of pranks to be performed by the person; or

(j) Compelled personal servitude by the person.

(3) Subsection (1) of this section does not apply to curricular activities or to athletic teams of or within the college or university.

(4) A fraternity, sorority or other student organization that violates this section commits a Class A violation.

(5) A member of a fraternity, sorority or other student organization, who personally violates this section commits a Class B violation. [1983 c.202 s.2; 1999 c.1051 s.152]

**163.200 Criminal mistreatment in the second degree.** (1) A person commits the crime of criminal mistreatment in the second degree if, with criminal negligence:

(a) In violation of a legal duty to provide care for another person, the person withholds necessary and adequate food, physical care or medical attention from that person; or

(b) Having assumed the permanent or temporary care, custody or responsibility for the supervision of another person, the person withholds necessary and adequate food, physical care or medical attention from that person.

(2) Criminal mistreatment in the second degree is a Class A misdemeanor.

(3) As used in this section, "legal duty" includes but is not limited to a duty created by familial relationship, court order, contractual agreement or statutory or case law. [1973 c.627 s.2; 1993 c.364 s.1]

13

**163.205 Criminal mistreatment in the first degree.** (1) A person commits the crime of criminal mistreatment in the first degree if:

(a) The person, in violation of a legal duty to provide care for another person, or having assumed the permanent or temporary care, custody or responsibility for the supervision of another person, intentionally or knowingly withholds necessary and adequate food, physical care or medical attention from that other person; or

(b) The person, in violation of a legal duty to provide care for a dependent person or elderly person, or having assumed the permanent or temporary care, custody or responsibility for the supervision of a dependent person or elderly person, intentionally or knowingly:

(A) Causes physical injury or injuries to the dependent person or elderly person;

(B) Deserts the dependent person or elderly person in a place with the intent to abandon that person;

(C) Leaves the dependent person or elderly person unattended at a place for such a period of time as may be likely to endanger the health or welfare of that person;

(D) Hides the dependent person's or elderly person's money or property or takes the money or property for, or appropriates the money or property to, any use or purpose not in the due and lawful execution of the person's responsibility; or

(E) Takes charge of a dependent or elderly person for the purpose of fraud.

(2) As used in this section:

(a) "Dependent person" means a person who because of either age or a physical or mental disability is dependent upon another to provide for the person's physical needs.

(b) "Elderly person" means a person 65 years of age or older.

(c) "Legal duty" includes but is not limited to a duty created by familial relationship, court order, contractual agreement or statutory or case law.

(3) Criminal mistreatment in the first degree is a Class C felony. [1973 c.627 s.3; 1981 c.486 s.1; 1993 c.364 s.2]

**163.206 Application of ORS 163.200 and 163.205.** ORS 163.200 and 163.205 do not apply:

(1) To a person acting pursuant to a court order, an advance directive or a power of attorney for health care pursuant to ORS 127.505 to 127.660;

(2) To a person withholding or withdrawing life-sustaining procedures or artificially administered nutrition and hydration pursuant to ORS 127.505 to 127.660;

(3) When a competent person refuses food, physical care or medical care;

(4) To a person who provides an elderly person or a dependent person who is at least 15 years of age with spiritual treatment through prayer from a duly accredited practitioner of spiritual treatment as provided in ORS 124.095, in lieu of medical treatment, in accordance with the tenets and practices of a recognized church or religious denomination of which the elderly or dependent person is a member or an adherent; or

(5) To a duly accredited practitioner of spiritual treatment as provided in ORS 124.095. [1993 c.364 s.3; 1995 c.79 s.51; 1999 c.954 s.5]

**Note:** 163.206 was enacted into law by the Legislative Assembly but was not added to or made a part of ORS chapter 163 or any series therein by legislative action. See Preface to Oregon Revised Statutes for further explanation.

**163.207 Female genital mutilation.** (1) A person commits the crime of female genital mutilation if the person:

(a) Knowingly circumcises, excises or infibulates the whole or any part of the labia majora, labia minora or clitoris of a child; or

(b) Is the parent, guardian or other person legally responsible for the care or custody of a child and knowingly allows the circumcision, excision or infibulation of the whole or any part of the child's labia majora, labia minora or clitoris.

(2) Female genital mutilation is a Class B felony.

(3)(a) A person who circumcises, excises or infibulates the whole or any part of a child's labia majora, labia minora or clitoris does not violate subsection (1) of this section if:

(A) The person is a physician, licensed to practice in this state; and

(B) The surgery is medically necessary for the physical well-being of the child.

(b) In determining medical necessity for purposes of paragraph (a)(B) of this subsection, a person may not consider the effect on the child of the child's belief that the surgery is required as a matter of custom or ritual. [1999 c.737 s.1]

**Note:** 163.207 was enacted into law by the Legislative Assembly but was not added to or made a part of ORS chapter 163 or any series therein by legislative action. See Preface to Oregon Revised Statutes for further explanation.

**163.208 Assaulting a public safety officer.** (1) A person commits the crime of assaulting a public safety officer if the person intentionally or knowingly causes physical injury to the other person, knowing the other person to be a peace officer, corrections officer, youth corrections officer, parole and probation officer or firefighter, and while the other person is acting in the course of official duty.

(2) Assaulting a public safety officer is a Class A misdemeanor.

(3)(a) Except as otherwise provided in paragraph (b) of this subsection, a person convicted under this section shall be sentenced to not less than seven days of imprisonment and shall not be granted bench parole or suspension of sentence nor released on a sentence of probation before serving at least seven days of the sentence of confinement.

(b) A person convicted under this section shall be sentenced to not less than 14 days of imprisonment and shall not be granted bench parole or suspension of sentence nor released on a sentence of probation before serving at least 14 days of the sentence of confinement if the victim is a peace officer. [1981 c.783 s.2; 1993 c.14 s.21; 1993 c.358 s.1; 1995 c.651 s.4; 1999 c.1040 s.14]

**163.210** [Repealed by 1971 c.743 s.432]

**163.211 Definitions for ORS 163.211 to 163.213.** As used in ORS 163.211 to 163.213:

(1) "Corrections officer" and "parole and probation officer" have the meanings given those terms in ORS 181.610.

(2) "Mace, tear gas, pepper mace or any similar deleterious agent" means a sternutator, lacrimator or any substance composed of a mixture of a sternutator or lacrimator including, but not limited to, chloroacetophenone, alpha-chloroacetophenone, phenylchloromethylketone, orthochlorobenzalmalononitrile, oleoresin capsicum or a chemically similar sternutator or lacrimator by whatever name known, or phosgene or other gas or substance capable of generating offensive, noxious or suffocating fumes, gases or vapor or capable of immobilizing a person.

(3) "Tear gas weapon" includes:

(a) Any shell, cartridge or bomb capable of being discharged or exploded, when the discharge or explosion will cause or permit the release or emission of tear gas or oleoresin capsicum.

(b) Any revolver, pistol, fountain pen gun, billy or other form of device, portable or fixed, intended for the projection or release of tear gas or oleoresin capsicum. [1995 c.651 s.1]

**Note:** 163.211 to 163.213 were enacted into law by the Legislative Assembly but were not added to or made a part of ORS chapter 163 or any series therein by legislative action. See Preface to Oregon Revised Statutes for further explanation.

**163.212 Unlawful use of an electrical stun gun, tear gas or mace in the second degree.** (1) A person commits the crime of unlawful use of an electrical stun gun, tear gas or mace in the second degree if the person recklessly discharges an electrical stun gun, tear gas weapon, mace, tear gas, pepper mace or any similar deleterious agent against another person.

(2) Unlawful use of an electrical stun gun, tear gas or mace in the second degree is a Class A misdemeanor. [1995 c.651 s.2]

**Note:** See note under 163.211.

**163.213 Unlawful use of an electrical stun gun, tear gas or mace in the first degree.** (1) A person commits the crime of unlawful use of an electrical stun gun, tear gas or mace in the first degree if the person knowingly discharges or causes to be discharged any electrical stun gun, tear gas weapon, mace, tear gas, pepper mace or any similar deleterious agent against another person, knowing the other person to be a peace officer, corrections officer, parole and probation officer, firefighter or emergency medical technician or paramedic and while the other person is acting in the course of official duty.

(2) Unlawful use of an electrical stun gun, tear gas or mace in the first degree is a Class C felony. [1995 c.651 s.3]

**Note:** See note under 163.211.

**163.215 Definitions for ORS 163.215 to 163.257.** As used in ORS 163.215 to 163.257, unless the context requires otherwise:

(1) "Without consent" means that the taking or confinement is accomplished by force, threat or deception, or, in the case of a person under 16 years of age or who is otherwise incapable of giving consent, that the taking or confinement is accomplished without the consent of the lawful custodian of the person.

(2) "Lawful custodian" means a parent, guardian or other person responsible by authority of law for the care, custody or control of another.

(3) "Relative" means a parent, ancestor, brother, sister, uncle or aunt. [1971 c.743 s.97]

**163.220** [Repealed by 1971 c.743 s.432]

**163.225 Kidnapping in the second degree.** (1) A person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, the person:

(a) Takes the person from one place to another; or

(b) Secretly confines the person in a place where the person is not likely to be found.

(2) It is a defense to a prosecution under subsection (1) of this section if:

(a) The person taken or confined is under 16 years of age; and

(b) The defendant is a relative of that person; and

(c) The sole purpose of the person is to assume control of that person.

(3) Kidnapping in the second degree is a Class B felony. [1971 c.743 s.98]

**163.230** [Repealed by 1971 c.743 s.432]

**163.235 Kidnapping in the first degree.** (1) A person commits the crime of kidnapping in the first degree if the person violates ORS 163.225 with any of the following purposes:

(a) To compel any person to pay or deliver money or property as ransom; or

(b) To hold the victim as a shield or hostage; or

(c) To cause physical injury to the victim; or

(d) To terrorize the victim or another person.

(2) Kidnapping in the first degree is a Class A felony. [1971 c.743 s.99]

**163.240** [Repealed by 1971 c.743 s.432]

**163.245 Custodial interference in the second degree.** (1) A person commits the crime of custodial interference in the second degree if, knowing or having reason to know that the person has no legal right to do so, the person takes, entices or keeps another person from the other person's lawful custodian or in violation of a valid joint custody order with intent to hold the other person permanently or for a protracted period.

(2) Expenses incurred by a lawful custodial parent or a parent enforcing a valid joint custody order in locating and regaining physical custody of the person taken, enticed or kept in violation of this section are "pecuniary damages" for purposes of restitution under ORS 137.103 to 137.109.

(3) Custodial interference in the second degree is a Class C felony. [1971 c.743 s.100; 1981 c.774 s.1; 1987 c.795 s.7]

**163.250** [Repealed by 1971 c.743 s.432]

**163.255** [1955 c.530 s.1; repealed by 1971 c.743 s.432]

**163.257 Custodial interference in the first degree.** (1) A person commits the crime of custodial interference in the first degree if the person violates ORS 163.245 and:

(a) Causes the person taken, enticed or kept from the lawful custodian or in violation of a valid joint custody order to be removed from the state; or

(b) Exposes that person to a substantial risk of illness or physical injury.

(2) Expenses incurred by a lawful custodial parent or a parent enforcing a valid joint custody order in locating and regaining physical custody of the person taken, enticed or kept in violation of this section are "pecuniary damages" for purposes of restitution under ORS 137.103 to 137.109.

(3) Custodial interference in the first degree is a Class B felony. [1971 c.743 s.101; 1981 c.774 s.2; 1987 c.795 s.8]

**163.260** [Amended by 1955 c.366 s.1; repealed by 1971 c.743 s.432]

**163.270** [Amended by 1955 c.371 s.1; 1957 c.640 s.1; repealed by 1971 c.743 s.432]

COERCION

**163.275 Coercion.** (1) A person commits the crime of coercion when the person compels or induces another person to engage in conduct from which the other person has a legal right to abstain, or to abstain from engaging in conduct in which the other person has a legal right to engage, by means of instilling in the other person a fear that, if the other person refrains from the conduct compelled or induced or engages in conduct contrary to the compulsion or inducement, the actor or another will:

(a) Unlawfully cause physical injury to some person; or

(b) Unlawfully cause damage to property; or

(c) Engage in conduct constituting a crime; or

(d) Falsely accuse some person of a crime or cause criminal charges to be instituted against the person; or

(e) Cause or continue a strike, boycott or other collective action injurious to some person's business, except that such a threat shall not be deemed coercive when the act or omission compelled is for the benefit of the group in whose interest the actor purports to act; or

(f) Testify falsely or provide false information or withhold testimony or information with respect to another's legal claim or defense; or

(g) Unlawfully use or abuse the person's position as a public servant by performing some act within or related to official duties, or by failing or refusing to perform an official duty, in such manner as to affect some person adversely.

(2) Coercion is a Class C felony. [1971 c.743 s.102; 1983 c.546 s.4; 1985 c.338 s.1]

**163.280** [Amended by 1957 c.640 s.2; repealed by 1971 c.743 s.432]

**163.285 Defense to coercion.** In any prosecution for coercion committed by instilling in the victim a fear that the victim or another person would be charged with a crime, it is a defense that the defendant reasonably believed the threatened charge to be true and that the sole purpose of the defendant was to compel or induce the victim to take reasonable action to make good the wrong which was the subject of the threatened charge. [1971 c.743 s.103]

**163.290** [Repealed by 1971 c.743 s.432]

**163.300** [Repealed by 1971 c.743 s.432]

SEXUAL OFFENSES

**163.305 Definitions.** As used in chapter 743, Oregon Laws 1971, unless the context requires otherwise:

(1) "Deviate sexual intercourse" means sexual conduct between persons consisting of contact between the sex organs of one person and the mouth or anus of another.

(2) "Forcible compulsion" means to compel by:

(a) Physical force; or

(b) A threat, express or implied, that places a person in fear of immediate or future death or physical injury to self or another person, or in fear that the person or another person will immediately or in the future be kidnapped.

(3) "Mentally defective" means that a person suffers from a mental disease or defect that renders the person incapable of appraising the nature of the conduct of the person.

(4) "Mentally incapacitated" means that a person is rendered incapable of appraising or controlling the conduct of the person at the time of the alleged offense because of the influence of a controlled or other intoxicating substance

administered to the person without the consent of the person or because of any other act committed upon the person without the consent of the person.

(5) "Physically helpless" means that a person is unconscious or for any other reason is physically unable to communicate unwillingness to an act.

(6) "Sexual contact" means any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party.

(7) "Sexual intercourse" has its ordinary meaning and occurs upon any penetration, however slight; emission is not required. [1971 c.743 s.104; 1975 c.461 s.1; 1977 c.844 s.1; 1979 c.744 s.7; 1983 c.500 s.1; 1999 c.949 s.1]

Note: Legislative Counsel has substituted "chapter 743, Oregon Laws 1971," for the words "this Act" in section 104, chapter 743, Oregon Laws 1971, compiled as 163.305. Specific ORS references have not been substituted, pursuant to 173.160. These sections may be determined by referring to the 1971 Comparative Section Table located in Volume 18 of ORS.

**163.310** [Renumbered 166.180]

**163.315 Incapacity to consent; effect of lack of resistance.** (1) A person is considered incapable of consenting to a sexual act if the person is:

(a) Under 18 years of age; or

(b) Mentally defective; or

(c) Mentally incapacitated; or

(d) Physically helpless.

(2) A lack of verbal or physical resistance does not, by itself, constitute consent but may be considered by the trier of fact along with all other relevant evidence. [1971 c.743 s.105; 1999 c.949 s.2]

**163.320** [Renumbered 166.190]

**163.325 Ignorance or mistake as a defense.** (1) In any prosecution under ORS 163.355 to 163.445 in which the criminality of conduct depends on a child's being under the age of 16, it is no defense that the defendant did not know the child's age or that the defendant reasonably believed the child to be older than the age of 16.

(2) When criminality depends on the child's being under a specified age other than 16, it is an affirmative defense for the defendant to prove that the defendant reasonably believed the child to be above the specified age at the time of the alleged offense.

(3) In any prosecution under ORS 163.355 to 163.445 in which the victim's lack of consent is based solely upon the incapacity of the victim to consent because the victim is mentally defective, mentally incapacitated or physically helpless, it is an affirmative defense for the defendant to prove that at the time of the alleged offense the defendant did not know of the facts or conditions responsible for the victim's incapacity to consent. [1971 c.743 s.106]

**163.330** [Repealed by 1971 c.743 s.432]

**163.335** [1971 c.743 s.107; repealed by 1977 c.844 s.2]

**163.340** [Repealed by 1971 c.743 s.432]

**163.345 Age as a defense in certain cases.** (1) In any prosecution under ORS 163.355, 163.365, 163.385, 163.395, 163.415, 163.425, 163.427 or 163.435 in which the victim's lack of consent was due solely to incapacity to consent by reason of being less than a specified age, it is a defense that the actor was less than three years older than the victim at the time of the alleged offense.

(2) In any prosecution under ORS 163.408, when the object used to commit the unlawful sexual penetration was the hand or any part thereof of the actor and in which the victim's lack of consent was due solely to incapacity to consent by reason of being less than a specified age, it is a defense that the actor was less than three years older than the victim at the time of the alleged offense.

(3) In any prosecution under ORS 163.445 in which the victim's lack of consent was due solely to incapacity to

consent by reason of being less than a specified age, it is a defense that the actor was less than three years older than the victim at the time of the alleged offense if the victim was at least 15 years of age at the time of the alleged offense. [1971 c.743 s.108; 1991 c.386 s.3; 1991 c.830 s.4; 1999 c.626 s.24]

**Note:** Section 23 (3), chapter 626, Oregon Laws 1999, provides:

**Sec. 23.** (3) The amendments to ORS 163.345 by section 24 of this 1999 Act apply to offenses committed on or after the effective date of this 1999 Act [September 1, 1999]. [1999 c.626 s.23 (3); 1999 c.626 s.23a (3)]

**Note:** The amendments to 163.345 by section 45, chapter 626, Oregon Laws 1999, become operative July 1, 2002. See section 46, chapter 626, Oregon Laws 1999. The text that is operative on and after July 1, 2002, is set forth for the user's convenience.

**163.345.** (1) In any prosecution under ORS 163.355, 163.365, 163.385, 163.395, 163.415, 163.425 or 163.427 in which the victim's lack of consent was due solely to incapacity to consent by reason of being less than a specified age, it is a defense that the actor was less than three years older than the victim at the time of the alleged offense.
(2) In any prosecution under ORS 163.408, when the object used to commit the unlawful sexual penetration was the hand or any part thereof of the actor and in which the victim's lack of consent was due solely to incapacity to consent by reason of being less than a specified age, it is a defense that the actor was less than three years older than the victim at the time of the alleged offense.

**163.355 Rape in the third degree.** (1) A person commits the crime of rape in the third degree if the person has sexual intercourse with another person under 16 years of age.
(2) Rape in the third degree is a Class C felony. [1971 c.743 s.109; 1991 c.628 s.1]

**163.365 Rape in the second degree.** (1) A person who has sexual intercourse with another person commits the crime of rape in the second degree if the other person is under 14 years of age.
(2) Rape in the second degree is a Class B felony. [1971 c.743 s.110; 1989 c.359 s.1; 1991 c.628 s.2]

**163.375 Rape in the first degree.** (1) A person who has sexual intercourse with another person commits the crime of rape in the first degree if:
(a) The victim is subjected to forcible compulsion by the person;
(b) The victim is under 12 years of age;
(c) The victim is under 16 years of age and is the person's sibling, of the whole or half blood, the person's child or the person's spouse's child; or
(d) The victim is incapable of consent by reason of mental defect, mental incapacitation or physical helplessness.
(2) Rape in the first degree is a Class A felony. [1971 c.743 s.111; 1989 c.359 s.2; 1991 c.628 s.3]

**163.385 Sodomy in the third degree.** (1) A person commits the crime of sodomy in the third degree if the person engages in deviate sexual intercourse with another person under 16 years of age or causes that person to engage in deviate sexual intercourse.
(2) Sodomy in the third degree is a Class C felony. [1971 c.743 s.112]

**163.395 Sodomy in the second degree.** (1) A person who engages in deviate sexual intercourse with another person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the second degree if the victim is under 14 years of age.
(2) Sodomy in the second degree is a Class B felony. [1971 c.743 s.113; 1989 c.359 s.3]

**163.405 Sodomy in the first degree.** (1) A person who engages in deviate sexual intercourse with another person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the first degree if:
(a) The victim is subjected to forcible compulsion by the actor;
(b) The victim is under 12 years of age;
(c) The victim is under 16 years of age and is the actor's brother or sister, of the whole or half blood, the son or daughter of the actor or the son or daughter of the actor's spouse; or

(d) The victim is incapable of consent by reason of mental defect, mental incapacitation or physical helplessness.
(2) Sodomy in the first degree is a Class A felony. [1971 c.743 s.114; 1989 c.359 s.4]

**163.408 Unlawful sexual penetration in the second degree.** (1) Except as permitted under ORS 163.412, a person commits the crime of unlawful sexual penetration in the second degree if the person penetrates the vagina, anus or penis of another with any object other than the penis or mouth of the actor and the victim is under 14 years of age.
(2) Unlawful sexual penetration in the second degree is a Class B felony. [1981 c.549 s.2; 1989 c.359 s.5; 1991 c.386 s.1]

**163.410** [Repealed by 1971 c.743 s.432]

**163.411 Unlawful sexual penetration in the first degree.** (1) Except as permitted under ORS 163.412, a person commits the crime of unlawful sexual penetration in the first degree if the person penetrates the vagina, anus or penis of another with any object other than the penis or mouth of the actor and:
(a) The victim is subjected to forcible compulsion;
(b) The victim is under 12 years of age; or
(c) The victim is incapable of consent by reason of mental defect, mental incapacitation or physical helplessness.
(2) Unlawful sexual penetration in the first degree is a Class A felony. [1981 c.549 s.3; 1989 c.359 s.6; 1991 c.386 s.2]

**163.412 Exceptions to unlawful sexual penetration prohibition.** Nothing in ORS 163.408 or 163.411 prohibits a penetration described in either of those sections when:
(1) The penetration is part of a medically recognized treatment or diagnostic procedure; or
(2) The penetration is accomplished by a peace officer or a corrections officer acting in official capacity, or by medical personnel at the request of such an officer, in order to search for weapons, contraband or evidence of crime. [1981 c.549 s.4]

**163.415 Sexual abuse in the third degree.** (1) A person commits the crime of sexual abuse in the third degree if the person subjects another person to sexual contact and:
(a) The victim does not consent to the sexual contact; or
(b) The victim is incapable of consent by reason of being under 18 years of age.
(2) Sexual abuse in the third degree is a Class A misdemeanor. [1971 c.743 s.115; 1979 c.489 s.1; 1991 c.830 s.1; 1995 c.657 s.11; 1995 c.671 s.9]

**163.420** [Repealed by 1971 c.743 s.432]

**163.425 Sexual abuse in the second degree.** (1) A person commits the crime of sexual abuse in the second degree when that person subjects another person to sexual intercourse, deviate sexual intercourse or, except as provided in ORS 163.412, penetration of the vagina, anus or penis with any object other than the penis or mouth of the actor and the victim does not consent thereto.
(2) Sexual abuse in the second degree is a Class C felony. [1971 c.743 s.116; 1983 c.564 s.1; 1991 c.386 s.14; 1991 c.830 s.2]

**163.427 Sexual abuse in the first degree.** (1) A person commits the crime of sexual abuse in the first degree when that person:
(a) Subjects another person to sexual contact and:
(A) The victim is less than 14 years of age;
(B) The victim is subjected to forcible compulsion by the actor; or
(C) The victim is incapable of consent by reason of being mentally defective, mentally incapacitated or physically helpless; or
(b) Intentionally causes a person under 18 years of age to touch or contact the mouth, anus or sex organs of an animal for the purpose of arousing or gratifying the sexual desire of a person.
(2) Sexual abuse in the first degree is a Class B felony. [1991 c.830 s.3; 1995 c.657 s.12; 1995 c.671 s.10]

**Note:** 163.427 was enacted into law by the Legislative Assembly but was not added to or made a part of ORS chapter 163 or any series therein by legislative action. See Preface to Oregon Revised Statutes for further explanation.

**163.430** [Amended by 1967 c.359 s.683; repealed by 1971 c.743 s.432]

**163.435 Contributing to the sexual delinquency of a minor.** (1) A person 18 years of age or older commits the crime of contributing to the sexual delinquency of a minor if:
(a) Being a male, he engages in sexual intercourse with a female under 18 years of age; or
(b) Being a female, she engages in sexual intercourse with a male under 18 years of age; or
(c) The person engages in deviate sexual intercourse with another person under 18 years of age or causes that person to engage in deviate sexual intercourse.
(2) Contributing to the sexual delinquency of a minor is a Class A misdemeanor. [1971 c.743 s.117]

**163.440** [Repealed by 1971 c.743 s.432]

**163.445 Sexual misconduct.** (1) A person commits the crime of sexual misconduct if the person engages in sexual intercourse or deviate sexual intercourse with an unmarried person under 18 years of age.
(2) Sexual misconduct is a Class C misdemeanor. [1971 c.743 s.118]

**163.450** [Repealed by 1971 c.743 s.432]

**163.455** [1971 c.743 s.119; repealed by 1983 c.546 s.1]

**163.460** [Repealed by 1971 c.743 s.432]

**163.465 Public indecency.** (1) A person commits the crime of public indecency if while in, or in view of, a public place the person performs:
(a) An act of sexual intercourse;
(b) An act of deviate sexual intercourse; or
(c) An act of exposing the genitals of the person with the intent of arousing the sexual desire of the person or another person.
(2)(a) Public indecency is a Class A misdemeanor.
(b) Notwithstanding paragraph (a) of this subsection, public indecency is a Class C felony if the person has a prior conviction for public indecency or a crime described in ORS 163.355 to 163.445. [1971 c.743 s.120; 1999 c.962 s.1]

**Note:** Section 3, chapter 962, Oregon Laws 1999, provides:

**Sec. 3.** The Oregon Criminal Justice Commission shall classify felony public indecency as a person felony and crime category 6 of the sentencing guidelines grid of the commission. [1999 c.962 s.3]

**163.467 Private indecency.** (1) A person commits the crime of private indecency if the person exposes the genitals of the person with the intent of arousing the sexual desire of the person or another person and:
(a) The person is in a place where another person has a reasonable expectation of privacy;
(b) The person is in view of the other person;
(c) The exposure reasonably would be expected to alarm or annoy the other person; and
(d) The person knows that the other person did not consent to the exposure.
(2) Private indecency is a Class A misdemeanor.
(3) Subsection (1) of this section does not apply to a person who commits the act described in subsection (1) of this section if the person cohabits with and is involved in a sexually intimate relationship with the other person.
(4) For purposes of this section, "place where another person has a reasonable expectation of privacy" includes, but is not limited to, residences, yards of residences, working areas and offices. [1999 c.869 s.2]

**163.470** [Repealed by 1971 c.743 s.432]

**163.475** [1975 c.176 s.2; 1977 c.822 s.1; repealed by 1981 c.892 s.98]

**163.477** [1979 c.706 s.3; repealed by 1985 c.557 s.10]

**163.480** [Amended by 1963 c.406 s.1; repealed by 1971 c.743 s.432]

**163.483** [1979 c.706 s.2; 1983 c.740 s.30; repealed by 1985 c.557 s.10]

**163.485** [1979 c.706 s.4; repealed by 1985 c.557 s.10]

**163.490** [Repealed by 1971 c.743 s.432]

**163.495** [1979 c.706 s.5; 1987 c.158 s.25; 1987 c.864 s.14; renumbered 163.676 in 1987]

**163.500** [Repealed by 1971 c.743 s.432]

OFFENSES AGAINST FAMILY

**163.505 Definitions for certain provisions of ORS 163.505 to 163.575.** As used in ORS 163.505 to 163.575, unless the context requires otherwise:
(1) "Descendant" includes persons related by descending lineal consanguinity, step-children and lawfully adopted children.
(2) "Support" includes, but is not limited to, necessary and proper shelter, food, clothing, medical attention and education. [1971 c.743 s.170]

**163.515 Bigamy.** (1) A person commits the crime of bigamy if the person knowingly marries or purports to marry another person at a time when either is lawfully married.
(2) Bigamy is a Class C felony. [1971 c.743 s.171]

**163.525 Incest.** (1) A person commits the crime of incest if the person marries or engages in sexual intercourse or deviate sexual intercourse with a person whom the person knows to be related to the person, either legitimately or illegitimately, as an ancestor, descendant or brother or sister of either the whole or half blood.
(2) Incest is a Class C felony. [1971 c.743 s.172]

**163.535 Abandonment of a child.** (1) A person commits the crime of abandonment of a child if, being a parent, lawful guardian or other person lawfully charged with the care or custody of a child under 15 years of age, the person deserts the child in any place with intent to abandon it.
(2) Abandonment of a child is a Class C felony. [1971 c.743 s.173]

**163.537 Buying or selling a person under 18 years of age.** (1) A person commits the crime of buying or selling a person under 18 years of age if the person buys, sells, barters, trades or offers to buy or sell the legal or physical custody of a person under 18 years of age.
(2) Subsection (1) of this section does not:
(a) Prohibit a person in the process of adopting a child from paying the fees, costs and expenses related to the adoption as allowed in ORS 109.311.
(b) Prohibit a negotiated satisfaction of child support arrearages or other settlement in favor of a parent of a child in exchange for consent of the parent to the adoption of the child by the current spouse of the child's other parent.
(c) Apply to fees for services charged by the State Office for Services to Children and Families or adoption agencies licensed under ORS chapter 418.
(d) Apply to fees for services in an adoption pursuant to a surrogacy agreement.
(e) Prohibit discussion or settlement of disputed issues between parties in a domestic relations proceeding.
(3) Buying or selling a person under 18 years of age is a Class B felony. [1997 c.561 s.2]

**163.545 Child neglect in the second degree.** (1) A person having custody or control of a child under 10 years of

age commits the crime of child neglect in the second degree if, with criminal negligence, the person leaves the child unattended in or at any place for such period of time as may be likely to endanger the health or welfare of such child.

(2) Child neglect in the second degree is a Class A misdemeanor. [1971 c.743 s.174; 1991 c.832 s.2]

**163.547 Child neglect in the first degree.** (1) A person having custody or control of a child under 16 years of age commits the crime of child neglect in the first degree if the person knowingly leaves the child, or allows the child to stay, in a vehicle where controlled substances are being criminally delivered or manufactured for consideration or profit or on premises and in the immediate proximity where controlled substances are criminally delivered or manufactured for consideration or profit. As used in this subsection, "vehicle" and "premises" do not include public places, as defined in ORS 161.015.

(2) Child neglect in the first degree is a Class B felony. [1991 c.832 s.1]

**Note:** 163.547 was enacted into law by the Legislative Assembly but was not added to or made a part of ORS chapter 163 or any series therein by legislative action. See Preface to Oregon Revised Statutes for further explanation.

**163.555 Criminal nonsupport.** (1) A person commits the crime of criminal nonsupport if, being the parent, lawful guardian or other person lawfully charged with the support of a child under 18 years of age, born in or out of wedlock, the person refuses or neglects without lawful excuse to provide support for such child.

(2) It is no defense to a prosecution under this section that either parent has contracted a subsequent marriage, that issue has been born of a subsequent marriage, that the defendant is the parent of issue born of a prior marriage or that the child is being supported by another person or agency.

(3) Criminal nonsupport is a Class C felony. [1971 c.743 s.175; 1993 c.33 s.308; 1999 c.954 s.3]

**163.565 Evidence of paternity; confidentiality between husband and wife not applicable; spouses competent and compellable witnesses.**
(1) Proof that a child was born to a woman during the time a man lived and cohabited with her, or held her out as his wife, is prima facie evidence that he is the father of the child. This subsection does not exclude any other legal evidence tending to establish the parental relationship.

(2) No provision of law prohibiting the disclosure of confidential communications between husband and wife apply to prosecutions for criminal nonsupport. A husband or wife is a competent and compellable witness for or against either party. [1971 c.743 s.176]

**163.575 Endangering the welfare of a minor.** (1) A person commits the crime of endangering the welfare of a minor if the person knowingly:

(a) Induces, causes or permits an unmarried person under 18 years of age to witness an act of sexual conduct or sadomasochistic abuse as defined by ORS 167.060; or

(b) Permits a person under 18 years of age to enter or remain in a place where unlawful activity involving controlled substances is maintained or conducted; or

(c) Induces, causes or permits a person under 18 years of age to participate in gambling as defined by ORS 167.117; or

(d) Distributes, sells, or causes to be sold, tobacco in any form to a person under 18 years of age; or

(e) Sells to a person under 18 years of age any device in which tobacco, marijuana, cocaine or any controlled substance, as defined in ORS 475.005, is burned and the principal design and use of which is directly or indirectly to deliver tobacco smoke, marijuana smoke, cocaine smoke or smoke from any controlled substance into the human body including but not limited to:

(A) Pipes, water pipes, hookahs, wooden pipes, carburetor pipes, electric pipes, air driven pipes, corncob pipes, meerschaum pipes and ceramic pipes, with or without screens, permanent screens, hashish heads or punctured metal bowls;

(B) Carburetion tubes and devices, including carburetion masks;

(C) Bongs;

(D) Chillums;

(E) Ice pipes or chillers;

(F) Cigarette rolling papers and rolling machines; and

(G) Cocaine free basing kits.

23

(2) Endangering the welfare of a minor by violation of subsection (1)(a), (b), (c) or (e) of this section, involving other than a device for smoking tobacco, is a Class A misdemeanor.

(3) Endangering the welfare of a minor by violation of subsection (1)(d) of this section or by violation of subsection (1)(e) of this section, involving a device for smoking tobacco, is a Class A violation and the court shall impose a fine of not less than $100. [1971 c.743 s.177; 1973 c.827 s.20; 1979 c.744 s.8; 1981 c.838 s.1; 1983 c.740 s.31; 1991 c.970 s.5; 1995 c.79 s.52; 1999 c.1051 s.153]

**163.577 Failing to supervise a child.** (1) A person commits the offense of failing to supervise a child if the person is the parent, lawful guardian or other person lawfully charged with the care or custody of a child under 15 years of age and the child:

(a) Commits an act that brings the child within the jurisdiction of the juvenile court under ORS 419C.005;

(b) Violates a curfew law of a county or any other political subdivision; or

(c) Fails to attend school as required under ORS 339.010.

(2) Nothing in this section applies to a child-caring agency as defined in ORS 418.205 or to foster parents.

(3) In a prosecution of a person for failing to supervise a child under subsection (1)(a) of this section, it is an affirmative defense that the person:

(a) Is the victim of the act that brings the child within the jurisdiction of the juvenile court; or

(b) Reported the act to the appropriate authorities.

(4) In a prosecution of a person for failing to supervise a child under subsection (1) of this section, it is an affirmative defense that the person took reasonable steps to control the conduct of the child at the time the person is alleged to have failed to supervise the child.

(5)(a) In a prosecution of a person for failing to supervise a child under subsection (1)(a) of this section, the court may order the person to pay restitution under ORS 137.103 to 137.109 to a victim for pecuniary damages arising from the act of the child that brings the child within the jurisdiction of the juvenile court.

(b) The amount of restitution ordered under this subsection may not exceed $2,500.

(6) If a person pleads guilty or is found guilty of failing to supervise a child under this section and if the person has not previously been convicted of failing to supervise a child, the court:

(a) Shall warn the person of the penalty for future convictions of failing to supervise a child and shall suspend imposition of sentence.

(b) May not order the person to pay restitution under this section.

(7)(a) If a person pleads guilty or is found guilty of failing to supervise a child under this section and if the person has only one prior conviction for failing to supervise a child, the court, with the consent of the person, may suspend imposition of sentence and order the person to complete a parent effectiveness program approved by the court. Upon the person's completion of the parent effectiveness program to the satisfaction of the court, the court may discharge the person. If the person fails to complete the parent effectiveness program to the satisfaction of the court, the court may impose a sentence authorized by this section.

(b) There may be only one suspension of sentence under this subsection with respect to a person.

(8) The juvenile court has jurisdiction over a first offense of failing to supervise a child under this section.

(9) Failing to supervise a child is a Class A violation. [1995 c.593 s.1; 1999 c.1051 s.154]

**Note:** 163.577 was enacted into law by the Legislative Assembly but was not added to or made a part of ORS chapter 163 or any series therein by legislative action. See Preface to Oregon Revised Statutes for further explanation.

**163.580 Posting of signs concerning sale of smoking devices.** (1) Any person who sells any of the smoking devices listed in ORS 163.575 (1)(e) shall display a sign clearly stating that the sale of such devices to persons under 18 years of age is prohibited by law.

(2) Any person who violates this section commits a Class B violation. [1981 c.838 s.2; 1999 c.1051 s.155]

**Note:** 163.580 was enacted into law by the Legislative Assembly but was not added to or made a part of ORS chapter 163 or any series therein by legislative action. See Preface to Oregon Revised Statutes for further explanation.

**163.605** [1971 c.743 s.287; repealed by 1985 c.366 s.1]

**163.610** [Repealed by 1971 c.743 s.432]

**163.620** [Repealed by 1971 c.743 s.432]

**163.630** [Repealed by 1971 c.743 s.432]

**163.635** [1955 c.308 s.1; repealed by 1971 c.743 s.432]

**163.640** [Repealed by 1971 c.743 s.432]

**163.650** [Repealed by 1971 c.743 s.432]

**163.660** [Repealed by 1971 c.743 s.432]

VISUAL RECORDING OF SEXUAL CONDUCT BY CHILDREN

**163.665 Definitions for ORS 163.670 to 163.695.** As used in ORS 163.670 to 163.695:
(1) "Child" means a person who is less than 18 years of age, and any reference to a child in relation to a photograph, motion picture, videotape or other visual recording of the child is a reference to a person who was less than 18 years of age at the time the original image in the photograph, motion picture, videotape or other visual recording was created and not the age of the person at the time of an alleged offense relating to the subsequent reproduction, use or possession of the visual recording.
(2) "Child abuse" means conduct that constitutes, or would constitute if committed in this state, a crime in which the victim is a child.
(3) "Sexually explicit conduct" means actual or simulated:
(a) Sexual intercourse or deviant sexual intercourse;
(b) Genital-genital, oral-genital, anal-genital or oral-anal contact, whether between persons of the same or opposite sex or between humans and animals;
(c) Penetration of the vagina or rectum by any object other than as part of a medical diagnosis or treatment or as part of a personal hygiene practice;
(d) Masturbation;
(e) Sadistic or masochistic abuse; or
(f) Lewd exhibition of sexual or other intimate parts.
(4) "Visual depiction" includes, but is not limited to, photographs, films, videotapes, pictures or computer or computer-generated images or pictures, whether made or produced by electronic, mechanical or other means. [1985 c.557 s.2; 1987 c.864 s.1; 1991 c.664 s.4; 1995 c.768 s.4; 1997 c.719 s.5]

**163.670 Using child in display of sexually explicit conduct.** (1) A person commits the crime of using a child in a display of sexually explicit conduct if the person employs, authorizes, permits, compels or induces a child to participate or engage in sexually explicit conduct for any person to observe or to record in a photograph, motion picture, videotape or other visual recording.
(2) Using a child in a display of sexually explicit conduct is a Class A felony. [1985 c.557 s.3; 1987 c.864 s.3; 1991 c.664 s.5]

**163.672** [1991 c.664 s.2; repealed by 1995 c.768 s.16]

**163.673** [1987 c.864 s.4; 1991 c.664 s.6; repealed by 1995 c.768 s.16]

**163.675** [1985 c.557 s.4; repealed by 1987 c.864 s.15]

**163.676 Exemption from prosecution under ORS 163.684.** (1) No employee is liable to prosecution under ORS 163.684 or under any city or home rule county ordinance for exhibiting or possessing with intent to exhibit any obscene matter or performance provided the employee is acting within the scope of regular employment at a showing open to the public.
(2) As used in this section, "employee" means any person regularly employed by the owner or operator of a motion

picture theater if the person has no financial interest other than salary or wages in the ownership or operation of the motion picture theater, no financial interest in or control over the selection of the motion pictures shown in the theater, and is working within the motion picture theater where the person is regularly employed, but does not include a manager of the motion picture theater. [Formerly 163.495; 1995 c.768 s.5]

**163.677** [1987 c.864 s.5; 1991 c.664 s.7; repealed by 1995 c.768 s.16]

**163.680** [1985 c.557 s.5; 1987 c.158 s.26; 1987 c.864 s.9; 1991 c.664 s.8; repealed by 1995 c.768 s.16]

**163.682 Exceptions to ORS 163.665 to 163.695.** The provisions of ORS 163.665 to 163.695 do not apply to:
(1) Any legitimate medical procedure performed by or under the direction of a person licensed to provide medical services for the purpose of medical diagnosis or treatment, including the recording of medical procedures;
(2) Any activity undertaken in the course of bona fide law enforcement activity or necessary to the proper functioning of the criminal justice system, except that this exception shall not apply to any activity prohibited by ORS 163.670;
(3) Any bona fide educational activity, including studies and lectures, in the fields of medicine, psychotherapy, sociology or criminology, except that this exception shall not apply to any activity prohibited by ORS 163.670;
(4) Obtaining, viewing or possessing a photograph, motion picture, videotape or other visual recording as part of a bona fide treatment program for sexual offenders; or
(5) A public library, as defined in ORS 357.400, or a library exempt from taxation under ORS 307.090 or 307.130, except that these exceptions do not apply to any activity prohibited by ORS 163.670. [1991 c.664 s.3]

**163.683** [1987 c.864 s.11; repealed by 1991 c.664 s.12]

**163.684 Encouraging child sexual abuse in the first degree.** (1) A person commits the crime of encouraging child sexual abuse in the first degree if the person:
(a)(A) Knowingly develops, duplicates, publishes, prints, disseminates, exchanges, displays, finances, attempts to finance or sells any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child or possesses such matter with the intent to develop, duplicate, publish, print, disseminate, exchange, display or sell it; or
(B) Knowingly brings into this state, or causes to be brought or sent into this state, for sale or distribution, any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child; and
(b) Knows or is aware of and consciously disregards the fact that creation of the visual recording of sexually explicit conduct involved child abuse.
(2) Encouraging child sexual abuse in the first degree is a Class B felony. [1995 c.768 s.2]

**163.685** [1985 c.557 s.6; 1987 c.864 s.12; repealed by 1991 c.664 s.12]

**163.686 Encouraging child sexual abuse in the second degree.** (1) A person commits the crime of encouraging child sexual abuse in the second degree if the person:
(a)(A)(i) Knowingly possesses or controls any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child for the purpose of arousing or satisfying the sexual desires of the person or another person; or
(ii) Knowingly pays, exchanges or gives anything of value to obtain or view a photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child for the purpose of arousing or satisfying the sexual desires of the person or another person; and
(B) Knows or is aware of and consciously disregards the fact that creation of the visual recording of sexually explicit conduct involved child abuse; or
(b)(A) Knowingly pays, exchanges or gives anything of value to observe sexually explicit conduct by a child or knowingly observes, for the purpose of arousing or gratifying the sexual desire of the person, sexually explicit conduct by a child; and
(B) Knows or is aware of and consciously disregards the fact that the conduct constitutes child abuse.
(2) Encouraging child sexual abuse in the second degree is a Class C felony. [1995 c.768 s.3]

26

**163.687 Encouraging child sexual abuse in the third degree.** (1) A person commits the crime of encouraging child sexual abuse in the third degree if the person:

(a)(A)(i) Knowingly possesses or controls any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child for the purpose of arousing or satisfying the sexual desires of the person or another person; or

(ii) Knowingly pays, exchanges or gives anything of value to obtain or view a photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child for the purpose of arousing or satisfying the sexual desires of the person or another person; and

(B) Knows or fails to be aware of a substantial and unjustifiable risk that the creation of the visual recording of sexually explicit conduct involved child abuse; or

(b)(A) Knowingly pays, exchanges or gives anything of value to observe sexually explicit conduct by a child or knowingly observes, for the purpose of arousing or gratifying the sexual desire of the person, sexually explicit conduct by a child; and

(B) Knows or fails to be aware of a substantial and unjustifiable risk that the conduct constitutes child abuse.

(2) Encouraging child sexual abuse in the third degree is a Class A misdemeanor. [1995 c.768 s.3a]

**163.688 Possession of materials depicting sexually explicit conduct of a child in the first degree.** (1) A person commits the crime of possession of materials depicting sexually explicit conduct of a child in the first degree if the person:

(a) Knowingly possesses any visual depiction of sexually explicit conduct involving a child or any visual depiction of sexually explicit conduct that appears to involve a child; and

(b) Uses the visual depiction to induce a child to participate or engage in sexually explicit conduct.

(2) Possession of materials depicting sexually explicit conduct of a child in the first degree is a Class B felony. [1997 c.719 s.3]

**163.689 Possession of materials depicting sexually explicit conduct of a child in the second degree.** (1) A person commits the crime of possession of materials depicting sexually explicit conduct of a child in the second degree if the person:

(a) Knowingly possesses any visual depiction of sexually explicit conduct involving a child or any visual depiction of sexually explicit conduct that appears to involve a child; and

(b) Intends to use the visual depiction to induce a child to participate or engage in sexually explicit conduct.

(2) Possession of materials depicting sexually explicit conduct of a child in the second degree is a Class C felony. [1997 c.719 s.4]

**163.690 Lack of knowledge of age of child as affirmative defense.** It is an affirmative defense to any prosecution under ORS 163.684, 163.686, 163.687 or 163.693 that the defendant, at the time of engaging in the conduct prohibited therein, did not know and did not have reason to know that the relevant sexually explicit conduct involved a child. [1985 c.557 s.7; 1987 c.864 s.13; 1991 c.664 s.9; 1995 c.768 s.6]

**163.693 Failure to report child pornography.** (1) A person commits the crime of failure to report child pornography if the person, in the course of processing or producing a photograph, motion picture, videotape or other visual recording, either commercially or privately, has reasonable cause to believe that the visual recording being processed or produced, or submitted for processing or production, depicts sexually explicit conduct involving a child and fails to report that fact to the appropriate law enforcement agency.

(2) Failure to report child pornography is a Class A misdemeanor. [1987 c.864 s.7; 1991 c.664 s.10]

**163.695 Forfeiture of materials and conveyances.** (1) The following materials shall be forfeited to the state in the same manner and with like effect as provided in ORS 471.660 and 471.666:

(a) Any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child.

(b) All raw materials, equipment and other tangible personal property of any kind used or intended to be used to manufacture or process any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child.

(c) All conveyances, including aircraft, boats, vehicles or vessels that are used or intended to be used by or with

27

the knowledge of the owner, operator or person in charge thereof to transport or in any way to facilitate the transportation of a visual recording dealt with, transported or possessed in violation of ORS 163.684, 163.686 or 163.687.

(2) No conveyance used by any person as a common carrier in the transaction of business as a common carrier is subject to forfeiture under this section unless it appears that the owner or other person in charge of the conveyance is a consenting party or privy to the violation of ORS 163.684, 163.686 or 163.687. [1987 c.864 s.8; 1991 c.664 s.11; 1995 c.768 s.7]

INVASION OF PRIVACY

**163.700 Invasion of personal privacy.** (1) Except as provided in ORS 163.702, a person commits the crime of invasion of personal privacy if:

(a) The person knowingly makes or records a photograph, motion picture, videotape or other visual recording of another person in a state of nudity without the consent of the person being recorded; and

(b) At the time the visual recording is made or recorded the person being recorded is in a place and circumstances where the person has a reasonable expectation of personal privacy.

(2) As used in this section:

(a) "Makes or records a photograph, motion picture, videotape or other visual recording" includes, but is not limited to, making or recording or employing, authorizing, permitting, compelling or inducing another person to make or record a photograph, motion picture, videotape or other visual recording.

(b) "Nudity" means uncovered, or less than opaquely covered, post-pubescent human genitals, pubic areas or a post-pubescent human female breast below a point immediately above the top of the areola. "Nudity" includes a partial state of nudity.

(c) "Places and circumstances where the person has a reasonable expectation of personal privacy" includes, but is not limited to, a bathroom, dressing room, locker room that includes an area for dressing or showering, tanning booth and any area where a person undresses in an enclosed space that is not open to public view.

(d) "Public view" means that an area can be readily seen and that a person within the area can be distinguished by normal unaided vision when viewed from a public place as defined in ORS 161.015.

(3) Invasion of personal privacy is a Class A misdemeanor. [1997 c.697 s.1]

**Note:** 163.700 and 163.702 were enacted into law by the Legislative Assembly but were not added to or made a part of ORS chapter 163 or any series therein by legislative action. See Preface to Oregon Revised Statutes for further explanation.

**163.702 Exceptions to ORS 163.700.** The provisions of ORS 163.700 do not apply to:

(1) Any legitimate medical procedure performed by or under the direction of a person licensed to provide medical service for the purpose of medical diagnosis, treatment, education or research, including, but not limited to, the recording of medical procedures; and

(2) Any activity undertaken in the course of bona fide law enforcement or corrections activity or necessary to the proper functioning of the criminal justice system, including but not limited to the operation and management of jails, prisons and other youth and adult corrections facilities. [1997 c.697 s.2]

**Note:** See note under 163.700.

MISCELLANEOUS

**163.705 Polygraph examination of victims in certain criminal cases prohibited.** No district attorney or other law enforcement officer or investigator involved in the investigation or prosecution of crimes, or any employee thereof, shall require any complaining witness in a case involving the use of force, violence, duress, menace or threat of physical injury in the commission of any sex crime under ORS 163.305 to 163.575, to submit to a polygraph examination as a prerequisite to filing an accusatory pleading. [1981 c.877 s.1]

**163.707 Forfeiture of motor vehicle used in drive-by shooting.** (1) A motor vehicle used by the owner in a drive-by shooting is subject to civil in rem forfeiture.

28

(2) Seizure and forfeiture proceedings under this section shall be conducted in accordance with ORS chapter 475A.

(3) As used in this section, "drive-by shooting" means discharge of a firearm from a motor vehicle while committing or attempting to commit:

(a) Aggravated murder under ORS 163.095;

(b) Murder under ORS 163.115;

(c) Manslaughter in any degree under ORS 163.118 or 163.125;

(d) Assault in any degree under ORS 163.160, 163.165, 163.175 or 163.185;

(e) Menacing under ORS 163.190;

(f) Recklessly endangering another person under ORS 163.195;

(g) Assaulting a public safety officer under ORS 163.208; or

(h) Intimidation in any degree under ORS 166.155 or 166.165. [1999 c.870 s.1]

**Note:** 163.707 was enacted into law by the Legislative Assembly but was not added to or made a part of ORS chapter 163 or any series therein by legislative action. See Preface to Oregon Revised Statutes for further explanation.

**163.709 Unlawful directing of light from a laser pointer.** (1) A person commits the offense of unlawful directing of light from a laser pointer if the person knowingly directs light from a laser pointer at another person without the consent of the other person and the other person is:

(a) A peace officer as defined in ORS 161.015 who is acting in the course of official duty; or

(b) A uniformed private security officer as defined in ORS 181.870 who is on duty.

(2) The offense described in this section, unlawful directing of light from a laser pointer, is a Class A misdemeanor.

(3) As used in this section, "laser pointer" means a device that emits light amplified by the stimulated emission of radiation that is visible to the human eye. [1999 c.757 s.1]

**Note:** 163.709 was enacted into law by the Legislative Assembly but was not added to or made a part of ORS chapter 163 or any series therein by legislative action. See Preface to Oregon Revised Statutes for further explanation.

STALKING

**163.730 Definitions for ORS 30.866 and 163.730 to 163.750.** As used in ORS 30.866 and 163.730 to 163.750, unless the context requires otherwise:

(1) "Alarm" means to cause apprehension or fear resulting from the perception of danger.

(2) "Coerce" means to restrain, compel or dominate by force or threat.

(3) "Contact" includes but is not limited to:

(a) Coming into the visual or physical presence of the other person;

(b) Following the other person;

(c) Waiting outside the home, property, place of work or school of the other person or of a member of that person's family or household;

(d) Sending or making written communications in any form to the other person;

(e) Speaking with the other person by any means;

(f) Communicating with the other person through a third person;

(g) Committing a crime against the other person;

(h) Communicating with a third person who has some relationship to the other person with the intent of affecting the third person's relationship with the other person;

(i) Communicating with business entities with the intent of affecting some right or interest of the other person;

(j) Damaging the other person's home, property, place of work or school; or

(k) Delivering directly or through a third person any object to the home, property, place of work or school of the other person.

(4) "Household member" means any person residing in the same residence as the victim.

(5) "Immediate family" means father, mother, child, sibling, parent, spouse, grandparent, stepparent and stepchild.

(6) "Law enforcement officer" means any person employed in this state as a police officer by a county sheriff, constable, marshal or municipal or state police agency.

(7) "Repeated" means two or more times.

(8) "School" means a public or private institution of learning or a child care facility. [1993 c.626 s.1; 1995 c.278 s.27; 1995 c.353 s.1]

**Note:** 163.730 to 163.753 were enacted into law by the Legislative Assembly but were not added to or made a part of ORS chapter 163 or any series therein by legislative action. See Preface to Oregon Revised Statutes for further explanation.

**163.732 Stalking.** (1) A person commits the crime of stalking if:

(a) The person knowingly alarms or coerces another person or a member of that person's immediate family or household by engaging in repeated and unwanted contact with the other person;

(b) It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

(c) The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household.

(2)(a) Stalking is a Class A misdemeanor.

(b) Notwithstanding paragraph (a) of this subsection, stalking is a Class C felony if the person has a prior conviction for:

(A) Stalking; or

(B) Violating a court's stalking protective order.

(c) When stalking is a Class C felony pursuant to paragraph (b) of this subsection, stalking shall be classified as a person felony and as crime category 8 of the sentencing guidelines grid of the Oregon Criminal Justice Commission. [1993 c.626 s.2; 1995 c.353 s.2]

**Note:** See note under 163.730.

**163.735 Citation; form.** (1) Upon a complaint initiated as provided in ORS 163.744, a law enforcement officer shall issue a citation ordering the person to appear in court within three judicial days and show cause why the court should not enter a court's stalking protective order when the officer has probable cause to believe that:

(a) The person intentionally, knowingly or recklessly engages in repeated and unwanted contact with the other person or a member of that person's immediate family or household thereby alarming or coercing the other person;

(b) It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

(c) The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household.

(2) The Department of State Police shall develop and distribute a form for the citation. The form shall be uniform throughout the state and shall contain substantially the following in addition to any other material added by the department:

OFFICER:_____
AGENCY:_____
PETITIONER:_____
PERSON TO BE PROTECTED IF OTHER THAN PETITIONER:_____
RESPONDENT:_____

On behalf of petitioner, I affirm that I am a law enforcement officer in the State of Oregon.

You, the respondent, must appear at _____ (name and location of court at which respondent is to appear) on _____ (date and time respondent is to appear in court). At this hearing, you must be prepared to establish why the court should not enter a court's stalking protective order which shall be for an unlimited duration unless limited by law or court order. If you fail to appear at this hearing, the court shall immediately issue a warrant for your arrest and shall enter a court's stalking protective order.

If the court issues a stalking protective order at this hearing, and while the protective order is in effect, federal law may prohibit you from:

Traveling across state lines or tribal land lines with the intent to violate this order and then violating this order.

Causing the person protected by the order, if the person is your spouse or intimate partner, to cross state lines or tribal land lines for your purpose of violating the order.

Possessing, receiving, shipping or transporting any firearm or firearm ammunition.

Whether or not a stalking protective order is in effect, federal law may prohibit you from:

Traveling across state lines or tribal land lines with the intent to injure or harass another person and during, or because of, that travel placing that person in reasonable fear of death or serious bodily injury to that person or to a member of that person's immediate family.

Traveling across state lines or tribal land lines with the intent to injure your spouse or intimate partner and then intentionally committing a crime of violence causing bodily injury to that person.

Causing your spouse or intimate partner to travel across state lines or tribal land lines if your intent is to cause bodily injury to that person or if the travel results in your causing bodily injury to that person.

It has been alleged that you have alarmed or coerced the petitioner, or person to be protected if other than the petitioner. If you engage in contact that alarms or coerces the petitioner, or person to be protected if other than the petitioner, in violation of ORS 163.732, you may be arrested for the crime of stalking.

Date: _____ Time: _____
Signed: _____
          (Respondent)
Signed: _____
          (Law enforcement officer).

_____

[1993 c.626 s.3; 1995 c.353 s.3; 1999 c.1052 s.10]

**Note:** See note under 163.730.

**163.738 Effect of citation; contents; hearing; court's stalking protective order.** (1)(a) A citation shall notify the respondent of a circuit court hearing where the respondent shall appear at the place and time set forth in the citation. The citation shall contain:

(A) The name of the court at which the respondent is to appear;

(B) The name of the respondent;

(C) A copy of the stalking complaint;

(D) The date, time and place at which the citation was issued;

(E) The name of the law enforcement officer who issued the citation;

(F) The time, date and place at which the respondent is to appear in court;

(G) Notice to the respondent that failure to appear at the time, date and place set forth in the citation shall result in the respondent's arrest and entry of a court's stalking protective order; and

(H) Notice to the respondent of potential liability under federal law for the possession or purchase of firearms or firearm ammunition and for other acts prohibited by 18 U.S.C. 2261 to 2262.

(b) The officer shall notify the petitioner in writing of the place and time set for the hearing.

(2)(a) The hearing shall be held as indicated in the citation. At the hearing, the petitioner may appear in person or by telephonic appearance. The respondent shall be given the opportunity to show cause why a court's stalking protective order should not be entered. The hearing may be continued for up to 30 days. The court may enter:

(A) A temporary stalking protective order pending further proceedings; or

(B) A court's stalking protective order if the court finds by a preponderance of the evidence that:

(i) The person intentionally, knowingly or recklessly engages in repeated and unwanted contact with the other person or a member of that person's immediate family or household thereby alarming or coercing the other person;

(ii) It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

(iii) The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household.

(b) In the order, the court shall specify the conduct from which the respondent is to refrain, which may include all contact listed in ORS 163.730 and any attempt to make contact listed in ORS 163.730. The order is of unlimited duration unless limited by law. If the respondent was provided notice and an opportunity to be heard, the court shall also include in the order, when appropriate, terms and findings sufficient under 18 U.S.C. 922 (d)(8) and (g)(8) to

31

affect the respondent's ability to possess firearms and ammunition or engage in activities involving firearms.

(3) The circuit court may enter an order under this section against a minor respondent without appointment of a guardian ad litem.

(4) If the respondent fails to appear at the time, date and place specified in the citation, the circuit court shall issue a warrant of arrest as provided in ORS 133.110 in order to ensure the appearance of the respondent at court and shall enter a court's stalking protective order.

(5) The circuit court may also order the respondent to undergo mental health evaluation and, if indicated by the evaluation, treatment. If the respondent is without sufficient resources to obtain the evaluation or treatment, or both, the court shall refer the respondent to the mental health agency designated by the community mental health director for evaluation or treatment, or both.

(6) If the circuit court, the mental health evaluator or any other persons have probable cause to believe that the respondent is dangerous to self or others or is unable to provide for basic personal needs, the court shall initiate commitment procedures as provided in ORS 426.070 or 426.180.

(7) A law enforcement officer shall report the results of any investigation arising from a complaint under ORS 163.744 to the district attorney within three days after presentation of the complaint. [1993 c.626 s.4; 1995 c.353 s.4; 1997 c.863 s.6; 1999 c.1052 s.2]

**Note:** See note under 163.730.

**163.741 Service of order; entry of order into law enforcement data systems.** (1) Whenever a stalking protective order, as authorized by ORS 163.735 or 163.738, is issued and the person to be restrained has actual notice thereof, the person serving the order shall deliver forthwith to the county sheriff a true copy of the order and an affidavit of proof of service on which it is stated that personal service of the order was made on the respondent. If an order entered by the court recites that the respondent appeared in person before the court, the necessity for further service of the order is waived and accompanying proof of service is not necessary. Upon receipt of proof of service, when required, and a true copy of the order, the county sheriff shall forthwith enter the order into the Law Enforcement Data System maintained by the Department of State Police and into the databases of the National Crime Information Center of the United States Department of Justice. The sheriff shall also provide the complainant with a true copy of the proof of service. Entry into the Law Enforcement Data System constitutes notice to all law enforcement agencies of the existence of such order. Law enforcement agencies shall establish procedures adequate to ensure that an officer at the scene of an alleged violation of such order may be informed of the existence and terms of such order. Such order shall be fully enforceable in any county in the state. The complainant may elect to deliver documents personally to a county sheriff or to have them delivered by a private person for entry into the Law Enforcement Data System and the databases of the National Crime Information Center of the United States Department of Justice.

(2) When a stalking protective order has been entered into the Law Enforcement Data System and the databases of the National Crime Information Center of the United States Department of Justice under subsection (1) of this section, a county sheriff shall cooperate with a request from a law enforcement agency from any other jurisdiction to verify the existence of the stalking protective order or to transmit a copy of the order to the requesting jurisdiction.

(3) When a stalking protective order described in subsection (1) of this section is terminated by order of the court, the clerk of the court shall deliver forthwith a true copy of the termination order to the county sheriff with whom the original order was filed. Upon receipt of the termination order, the county sheriff shall promptly remove the original order from the Law Enforcement Data System and the databases of the National Crime Information Center of the United States Department of Justice. [1993 c.626 s.5; 1999 c.1052 s.3]

**Note:** See note under 163.730.

**163.744 Initiation of action to obtain a citation; complaint form.** (1) A person may initiate an action seeking a citation under ORS 163.735 by presenting a complaint to a law enforcement officer or to any law enforcement agency. The complaint shall be a statement setting forth with particularity the conduct that is the basis for the complaint. The petitioner must affirm the truth of the facts in the complaint.

(2) The Department of State Police shall develop and distribute the form of the complaint. The form shall include the standards for reviewing the complaint and for action. The form shall be uniform throughout the state and shall include substantially the following material:

STALKING COMPLAINT

Name of petitioner (person presenting complaint): _____
Name of person being stalked if other than the petitioner: _____
_____
Name of respondent (alleged stalker):
_____
Description of respondent:
_____
_____
_____

Length of period of conduct:
_____
_____

Description of relationship (if any) between petitioner or person being stalked, if other than the petitioner, and respondent:
_____
_____

Description of contact:
_____
_____
_____
_____
_____

Subscribed to and affirmed by:
_____

(signature of petitioner)
(printed name of petitioner)
_____

Dated: _____

_____

(3) A parent may present a complaint to protect a minor child. A guardian may present a complaint to protect a dependent person.

(4) By signing the complaint, a person is making a sworn statement for purposes of ORS 162.055 to 162.425. [1993 c.626 s.6; 1995 c.353 s.5]

**Note:** See note under 163.730.

**163.747** [1993 c.626 s.7; repealed by 1995 c.353 s.10]

**163.750 Violating court's stalking protective order.** (1) A person commits the crime of violating a court's stalking protective order when:

(a) The person has been served with a court's stalking protective order as provided in ORS 30.866 or 163.738 or if further service was waived under ORS 163.741 because the person appeared before the court;

(b) The person, subsequent to the service of the order, has engaged intentionally, knowingly or recklessly in conduct prohibited by the order; and

33

(c) If the conduct is prohibited contact as defined in ORS 163.730 (3)(d), (e), (f), (h) or (i), the subsequent conduct has created reasonable apprehension regarding the personal safety of a person protected by the order.

(2)(a) Violating a court's stalking protective order is a Class A misdemeanor.

(b) Notwithstanding paragraph (a) of this subsection, violating a court's stalking protective order is a Class C felony if the person has a prior conviction for:

(A) Stalking; or

(B) Violating a court's stalking protective order.

(c) When violating a court's stalking protective order is a Class C felony pursuant to paragraph (b) of this subsection, violating a court's stalking protective order shall be classified as a person felony and as crime category 8 of the sentencing guidelines grid of the Oregon Criminal Justice Commission. [1993 c.626 s.8; 1995 c.353 s.7]

**Note:** See note under 163.730.

**163.753 Immunity of officer acting in good faith.** A law enforcement officer acting in good faith shall not be liable in any civil action for issuing or not issuing a citation under ORS 163.735. [1993 c.626 s.11; 1995 c.353 s.9]

**Note:** See note under 163.730.

**163.755 Conduct protected by labor laws.** Nothing in ORS 30.866 or 163.730 to 163.750 shall be construed to permit the issuance of a court's stalking protective order under ORS 30.866 or 163.738, a citation under ORS 163.735, a criminal prosecution under ORS 163.732 or a civil action under ORS 30.866 for conduct that is authorized or protected by the labor laws of this state or of the United States. [1995 c.353 s.8]

**Note:** 163.755 was enacted into law by the Legislative Assembly but was not added to or made a part of ORS chapter 163 or any series therein by legislative action. See Preface to Oregon Revised Statutes for further explanation.

––––––––––

## IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| BLAKE ALEXANDER PADILLA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | NO. 19-0825-II |
| | ) | |
| | ) | |
| TENNESSEE BUREAU OF INVESTIGATION, | ) | |
| | ) | |
| Respondent. | ) | |

---

## AFFIDAVIT OF TENNESSEE BUREAU OF INVESTIGATION GENERAL COUNSEL
## JEANNE BROADWELL

---

STATE OF TENNESSEE

COUNTY OF DAVIDSON

I, JEANNE BROADWELL; having been duly sworn, state that I am of sound mind, over the age of 18 years and make the following statements under oath:

1. I am the General Counsel of the Tennessee Bureau of Investigation ("TBI") and have been in that position since Director Gwyn appointed me in 2004.

2. TBI is statutorily charged with maintenance of the Sexual Offender Registry, as provided for by the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 ("Act"). See Tenn. Code Ann. § 40-39-201 *et seq.*

3. My duties as General Counsel include providing legal advice to the Sex Offender Registry Unit.

Page 1 of 3

**EXHIBIT B**

4. Based on information and belief, including review of TBI files maintained pursuant to the Sexual Offender Registry ("SOR"), in October 1999, Mr. Blake Padilla entered a guilty plea to one (1) count of Sexual Abuse in the Second Degree (O.R.S. § 163.425) and received fifteen (15) months imprisonment in the Oregon Corrections Division, forty-five (45) months post-prison supervision, and a money judgment of $600.

5. The Act defines "sexual offender" as a person who has been convicted of a sexual offense.

6. Mr. Padilla began registering with Tennessee's SOR in 2012 as a "sexual offender."

7. Mr. Padilla requested to be removed from the SOR on July 16, 2018.

8. In response to Mr. Padilla's request for removal, I reviewed the Oregon statute for Sexual Abuse in the Second Degree found at O.R.S. § 163.425. I conducted my legal research through Westlaw. That statute at the time of Mr. Padilla's conviction provided:

> (1) A person commits the crime of sexual abuse in the second degree when that person subjects another person to sexual intercourse, deviate sexual intercourse or, except as provided in ORS 163.412, penetration of the vagina, anus or penis with any object other than the penis or mouth of the actor and the victim does not consent thereto.

> (2) Sexual abuse in the second degree is a Class C felony.

9. In assessing this case, I reviewed the documentation in Mr. Padilla's file regarding his conviction and compared the elements to the elements of Tennessee offenses and concluded that the Tennessee statute most closely analogous to Mr. Padilla's Oregon conviction is Rape, which is a violent sexual offense according to Tenn. Code Ann. § 40-39-202(31)(B). For that reason, Mr. Padilla was reclassified as a violent sexual offender in Tennessee and denied removal from the SOR.

10. Based on Mr. Padilla's classification as a violent sexual offender under Tennessee law, he is required to remain on the SOR for life.

Page 2 of 3

11. The statements in this affidavit are based on my personal knowledge, information or belief, and upon information which I believe to be true.


THE AFFIANT FURTHER SAYETH NOT.



*Jeanne Broadwell*

JEANNE BROADWELL
GENERAL COUNSEL
TENNESEE BUREAU OF INVESTIGATION

Sworn and subscribed before me on the 28th day of October, 2019.

Notary Public: Alexandra S. Stuart

My commission expires: 11/08/2022


Page 3 of 3