IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:23-cv-000965** |
| | ) | |
| **DAVID RAUSCH,** | ) | **Judge Trauger** |
| **Director of the Tennessee Bureau of** | ) | |
| **Investigation, in his official capacity,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

## DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

---

Defendant, Director of the Tennessee Bureau of Investigation David B. Rausch, sued in his official capacity, responds as follows to Plaintiff's Complaint for Declaratory and Injunctive Relief. (D.E. 32.) Defendant denies all allegations, including those contained in headings and subheadings, unless expressly admitted below.

## I.    INTRODUCTION

Defendant admits the statements of law in the unnumbered paragraphs at the start of the Introduction to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

1.    Upon information and belief, Defendant admits that Doe was classified as a "violent sexual offender" and that her conviction offense did not expressly contain an element of sexual misconduct. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph.

2.   Upon information and belief, Defendant admits that Doe entered a guilty plea in 2011 to the federal crime of aiding and abetting a kidnapping.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in this paragraph.

3.   Defendant admits that Doe was required to register as a violent sexual offender.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph.

4.   Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

5.   Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

6.   Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

7.   Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

8.   Defendant admits that Doe is subject to lifetime registration as a "violent sexual offender." Defendant denies that the Act subjects her to "burdensome restrictions that limit nearly every aspect of her life."  Defendant otherwise denies the remaining allegations in this paragraph.

9.   Defendant denies that Doe was not convicted of a crime qualifying as a violent sexual offense, as defined by Tennessee law.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in this paragraph.

2

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12. Defendant admits that Doe filed this lawsuit pursuant to 42 U.S.C. § 1983 seeking removal from the obligations of the Act. Defendant denies the remaining allegations in this paragraph.

## II.  JURISDICTION AND VENUE

13. Admit.

14. Admit.

15. Admit.

## III.  PARTIES

16. Defendant denies Doe is "under the supervision of the Tennessee Bureau of Investigation." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in this paragraph.

17. Defendant admits that Doe is required to register as a violent sexual offender under the Act. Defendant denies that the Act imposes "highly onerous restrictions." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in this paragraph.

18. Governor Lee was dismissed as a party. No response is required.

19. Governor Lee was dismissed as a party. No response is required.

20. Admit.

3

21.     Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

## IV.     STATEMENT OF FACTS

22.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

25.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

27.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

28.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

29.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

30.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

32.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

33.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

34.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

35.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

36.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

37.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

38.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

39.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

40.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

41.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

42.     Upon information and belief, admit.

43.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## *Plea, Classification, and SOR*

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth of how long Doe was in custody prior to trial. Upon information and belief, Defendant admits the remainder of the allegations in this paragraph.

47. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

48. Admit.

49. Admit.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

52. Admit.

53. Upon information and belief, admit.

54. Upon information and belief, Defendant admits that AUSA Smith wrote a memorandum stating that Doe was not required to register as a sex offender in Tennessee or on the federal registry. Defendant denies the characterization of Smith's letter that "it was never the Government's intent for Ms. Doe to register as a sex offender."

55. Admit.

6

56.    Deny.

57.    Defendant admits that Doe was registered as a violent sexual offender and an offender against children.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

58.    Defendant admits that Stumbo and Doe were charged and convicted of the same offense. Defendant denies that Stumbo was registered as a "sexual offender."  Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

59.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

60.    Upon information and belief, Defendant admits that the federal supervised release revocation order does not require Doe to register on the State SOR.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

61.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

62.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

63.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

64.    Defendant admits that Doe requested removal from the SOR in 2019. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

65.    Admit.

66.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

67.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

68.    Defendant admits that, on August 19, 2022, ACLU-TN Legal Director Stella Yarbrough delivered a letter to the TBI requesting Doe's removal from the SOR and that the TBI did not respond to that request. Defendant denies the remaining allegations in this paragraph.

69.    Defendant admits that, on October 8, 2023, the TBI received a request from Doe's counsel for a classification hearing.

70.    Defendant admits that, on October 17, 2023, the TBI denied Doe's request for a classification hearing but otherwise denies the allegations in this paragraph.

71.    Admit.

72.    Admit.

73.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

74.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

### *The Act: History, Operation, and Treatment*

75.    Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

76.    Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

77.    Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

78.    Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

79.    Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

80.    Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

81.    Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

82.    Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

83.    Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

84.    Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law. Defendant lacks knowledge or information sufficient to form a belief about the truth of

9

what Officer Weems discussed. Defendant otherwise denies the allegations in this paragraph.

85. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

86. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

87. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

88. Admit.

89. Deny.

90. Admit.

91. Admit.

92. Admit.

93. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

94. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

95. Defendant admits that $50 of every registration fee goes to the local registering agency. Defendant denies the remainder of the allegations in this paragraph.

96. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

97. Admit.

**_Impact of the Act on Ms. Doe_**

98. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

99. Deny.

**_Impact: Parenting and Family Relationships_**

100. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

101. Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

102. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

103. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

104. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

105. Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

106. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

107. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

108. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

109. Defendant admits that Doe is required to carry identification. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

110. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

111. Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

112. Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

113. Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

114.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

***Impact: Housing and Treatment for Substance Abuse***

115.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

116.    Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

117.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

118.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

119.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

120.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

121.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

122.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

123.    Admit.

124.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

125.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

***Impact: Employment***

126.   Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

127.   Admit.

128.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

129.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

130.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

131.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

132.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

133.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

134.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

135. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

136. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

137. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

138. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

139. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

***Impact: Education and Vocational Training***

140. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

141. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

142. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

***Impact: Required Reporting of Personal Information and Internet Activities***

143. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

144. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

145. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

146. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

147. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

148. Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

149. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

150. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

151. Defendant denies the characterization of the Act's reporting requirements. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

*__Impact: Publicly Available Information__*

152. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

153. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

154. Defendant admits that Doe was displayed on the SOR as "violent against children." Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

155. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law. Defendant admits that Doe's public facing SOR profile listed her offense date of 7/11/2010 and an offense description of "kidnapping USC 1201." Defendant that denies that the code "39-13-PT5" serves as a citation to Title 39, Chapter 13, Part 5 of the Tennessee Code.

156. Defendant denies that that the code "39-13-PT5" serves to connect Doe's conviction or underlying conduct to the enumerated offenses in Title 39, Chapter 13, Part 5 of the Tennessee Code.

157. Admit.

158. Deny.

159. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

160. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

161. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law. Defendant denies that the statute is unclear.

17

162.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

163.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

164.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

165.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

166.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

167.    Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

168.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

169.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

### _Impact: Potential Criminal Liability_

170.    Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

171.    Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

172.    Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

173. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

174. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

### *Impact: Other Restrictions*

175. Defendant admits that Doe is subject to additional conditions under the Act but denies that the conditions "bear no relationship to her prior conduct."

176. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

177. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

178. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

### *Conclusion*

179. Deny.

180. Deny.

181. Defendant denies the characterization of the Act's requirements as "vague and complex." Defendant otherwise admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law. Defendant lacks knowledge or information sufficient to form a belief about the remainder of the allegations in this paragraph.

182. Deny.

## V.    CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Violation of Substantive Due Process: 42 U.S.C. § 1983)

183.    Defendant admits that Plaintiff restates and incorporates by reference the preceding paragraphs.

184.    Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

185.    Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

186.    Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

187.    Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

188.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

189.    Deny.

## SECOND CLAIM FOR RELIEF

### (Violation of Procedural Due Process—Lack of Challenge to Placement on Registry: 42 U.S.C. § 1983)

### "As Applied" and Facial Challenge

190.    Defendant admits that Plaintiff restates and incorporates by reference the preceding paragraphs.

191.    Deny.

20

192. Defendant admits that Plaintiff was publicly classified as a "violent sexual offender" but otherwise denies the allegations in this paragraph.

193. Admit.

194. Deny.

195. Deny.

196. Deny.

197. Admit.

198. Deny.

**THIRD CLAIM FOR RELIEF**

(Violation of Due Process—Vagueness: 42 U.S.C. § 1983)

199. Defendant admits that Plaintiff restates and incorporates by reference the preceding paragraphs.

200. Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

201. Defendant admits that an out-of-state offender's initial classification is made by the TBI but denies the remainder of the allegations in this paragraph.

202. Deny.

203. Deny.

204. Defendant admits that Doe and Stumbo were charged with the same offense based on the same conduct and pleaded guilty to the same offense. Defendant admits that Ms. Doe is classified as a "violent sexual offender" subject to lifetime registration. Defendant otherwise denies the remaining allegations in the paragraph.

205. Deny.

## FOURTH CLAIM FOR RELIEF

### (Violation of Due Process—Interference with Familial Relations: 42 U.S.C. § 1983)

206.  Defendant admits that Plaintiff restates and incorporates by reference the preceding paragraphs.

207.  Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

208.  Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

209.  Deny.

210.  Deny.

211.  Admit.

212.  Deny.

## FIFTH CLAIM FOR RELIEF

### (Violation of the Ex Post Facto Clause: 42 U.S.C. §1983)

### "As Applied" Challenge

213.  Defendant admits that Plaintiff restates and incorporates by reference the preceding paragraphs.

214.  Deny.

215.  Deny.

216.  Defendant admits the statements of law in this paragraph to the extent they are accurate characterizations of the law and denies any statements that inaccurately describe the law.

217.  Deny.

218.  Deny.

22

219. Deny.

220. Deny.

## VI.    REQUESTS FOR RELIEF

1.    Defendant denies that Plaintiff is entitled to the requested relief.

2.    Defendant denies that Plaintiff is entitled to the requested relief.

3.    Defendant denies that Plaintiff is entitled the requested relief.

4.    Defendant denies that Plaintiff is entitled to the requested relief.

5.    Defendant denies that Plaintiff is entitled to attorneys' fees, costs, and expenses.

6.    Defendant denies that Plaintiff is entitled to any other relief.


Any allegations not admitted above are hereby DENIED.

## ADDITIONAL DEFENSES

1.    Plaintiff fails to state a claim upon which relief can be granted.

2.    Defendant Raush is not a proper defendant for the First or Fourth Claims for Relief.

3.    Defendant reserves the right to amend this Answer or to add any additional defenses that may become apparent in the investigation of this claim, discovery process, or trial of this matter.


Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Elizabeth Evan*
ELIZABETH EVAN (37770)
Assistant Attorney General

23

Law Enforcement and Special
Prosecutions Division

BROOKE HUPPENTHAL (40276)
Assistant Attorney General
Criminal Appeals Division

Office of the Tennessee
Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 532-1600
Liz.Evan@ag.tn.gov
Brooke.Huppenthal@ag.tn.gov
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed and served via the Court's electronic filing system on this the 14th day of October 2024, upon:

Davis Fordham Griffin
Mockingbird Law Group
P.O. Box 282212
Nashville, TN 37208

Stella Yarbrough
Lucas Cameron-Vaughn
ACLU (Nashville Office)
P.O. Box 120160
Nashville, TN 37212

*s/ Elizabeth Evan*
ELIZABETH EVAN
Assistant Attorney General

24