## SETTLEMENT AGREEMENT AND RELEASE OF LIABILITY

It is the intent of the parties to this Settlement Agreement and Release of Liability (the "AGREEMENT") to fully settle all claims and potential claims against the State of Tennessee, including its employees, agents, agencies, and instrumentalities (collectively, the "STATE"), that relate to or arise out of the complaint and lawsuit filed by Jane Doe ("PLAINTIFF") against David Rausch, in his official capacity as Director of the Tennessee Bureau of Investigation ("DEFENDANT"), captioned *Doe v. Rausch*, Case No. 3:23-cv-00965 (M.D. Tenn.)

### I. ADDITIONAL DEFINITIONS

The "LITIGATION" is defined to mean the lawsuit captioned *Doe v. Rausch*, Case No. 3:23-cv-00965 (M.D. Tenn.)

The "PARTIES" to this Agreement is defined to mean PLAINTIFF and DEFENDANT.

The "CLAIMS" this Agreement resolves is defined to mean all unadjudicated damages, injuries, claims, demands, or causes of action—known or unknown—arising from, related to, or in any way connected to the LITIGATION, that have accrued through the date of this AGREEMENT, that were or could have been brought by the PARTIES, their privies, or their agents, whether current or former, in their official and individual capacities, against one another.

The "ACT" is defined to mean Tenn. Code Ann §§ 40-39-201 – 218, and—to the extent they exist—any related regulations, policies, procedures, practices, and customs that DEFENDANT may administer, implement, and/or enforce as they apply to PLAINTIFF for her 2011 conviction under 18 U.S.C. §§1201-2.

### II. BACKGROUND

The PARTIES, having reached agreement, state the following background facts in support of this AGREEMENT:

1. Prior to the filing of this LITIGATION, DEFENDANT, in his official capacity as Director of the Tennessee Bureau of Investigation, informed PLAINTIFF that she was subject to the ACT as a violent sexual offender due to her 2011 conviction under 18 U.S.C. §§1201-2.

2. On September 8, 2023, PLAINTIFF filed her complaint in this action. On October 24, 2023, PLAINTIFF filed her First Amended Complaint to declare unconstitutional and enjoin the ACT as applied to her. PLAINTIFF argued, among other things, that she should not be subject to registration under the ACT for her 2011 conviction under 18 U.S.C. §§1201-2.

3. On September 30, 2024, the Court overseeing the LITIGATION entered an Order granting, preliminarily, PLAINTIFF's request that she not be subject to the ACT.

## III. TERMS OF AGREEMENT

1. DEFENDANT, as well as his officers, agents, employees, and all others acting under his direction and control, will not implement or enforce the ACT as applied to PLAINTIFF for her 2011 conviction under 18 U.S.C. §§1201-2.

2. PLAINTIFF agrees that she and her counsel will not initiate communication regarding the case with the media or with other plaintiffs' attorneys involved in sex offender litigation, and upon inquiry will only refer such party to the case filings in the public record.

3. DEFENDANT agrees that PLAINTIFF may file an unopposed motion pursuant to 42 U.S.C. § 1988(b) in the LITIGATION for an award of attorneys' fees and costs in the amount of $47,734.82.

4. Within seven days after execution of this AGREEMENT, the PARTIES will file this AGREEMENT in the LITIGATION, seeking dismissal of the LITIGATION and jointly requesting that the Court retain jurisdiction for the sole purpose of enforcing this AGREEMENT against the PARTIES. The rights and benefits conferred by this AGREEMENT, and the promises made herein, are enforceable only by the PARTIES to this agreement, but not by any third-party or collateral beneficiary, whether known or unknown, nor by any party in privity with the PARTIES.

5. This AGREEMENT is a final and conclusive resolution of the LITIGATION. All CLAIMS shall be deemed released, waived, dismissed, withdrawn, and/or denied as moot, except as may be necessary to enforce the terms of AGREEMENT, provided, however, that, consistent with Section III.4, nothing in this AGREEMENT shall preclude DEFENDANT or PLAINTIFF from bringing an action to enforce the terms of this AGREEMENT.

6. Before initiating any action to enforce the terms of this AGREEMENT for an alleged violation, PLAINTIFFS shall notify DEFENDANT and attempt to discuss the alleged violation with DEFENDANT and shall further allow DEFENDANT a reasonable time, which shall in no event exceed 30 days from DEFENDANT'S receipt of notice of an alleged violation, to cure the alleged violation. Further, any action to enforce the terms of this AGREEMENT shall be limited to the PARTIES, and not by any third-party or collateral beneficiary, whether known or unknown, nor by any party in privity with the PARTIES.

*SIGNATURE PAGE FOLLOWS*

_Jane Doe_                                           02 / 27 / 2025

_____          _____
JANE DOE                                             Date:


[signature]                                          02/28/2025

_____          _____
DAVID RAUSCH                                         Date:
*In his Official Capacity as Director*
*Of the Tennessee Bureau of Investigation*
*and on behalf of the State of Tennessee*

Doc ID: 127a362e791834bf4bbd1533ebe9997b4e1d347e